*R. L. Walpole, J. E. McDonald* and *A. L. Roache,* for the appellant.

*John L. Ketcham,* for the appellee.

Nov. Term, 1861.

HUGHES
v.
McDOUGLE.

---

## HUGHES and Others *v.* McDOUGLE and Others.

Where there has been a special finding by the Court below, and such finding, together with the evidence upon which it was based, is set out in the record, it is not necessary that "all the evidence given in the cause" should be set out, in order to determine the correctness of the special finding.

Where there is a special agreement, or direction, as to the application of payments made by a debtor to his creditor, they must be so applied, unless a different appropriation is made by consent of the parties.

APPEAL from the *Decatur* Common Pleas.

*Wednesday,*
*December* 11.

WORDEN, J.—Action by the appellants against the appellees, *Henry McDougle* and *James* and *Joseph De Armond,* upon several promissory notes made by the defendants as partners, under the name of *McDougle, De Armond & Co.,* to the plaintiffs. The notes sued upon range, in date, from *May* 30 to *September* 10, 1860, and amount to $374.08.

Issue; trial by the Court, and finding and judgment for the plaintiffs, for $90.15.

HUGHES
v.
McDOUGLE.

The plaintiffs appeal. The question presented arises upon the special finding of the Court, in connection with the evidence upon which the finding was based. It is objected that all the evidence can not be considered as in the record; the bill of exceptions not stating, in the language of the 30th rule, that "this was all the evidence given in the cause."

A bill of exceptions sets out the finding of the Court, and the evidence on which it was based; hence it is not necessary that the record should contain all the evidence, in order to determine the correctness of the special finding.

The following are the substantial facts on which the special finding was based:

On *April* 17, 1860, the firm of "*J. De Armond & Brother* executed their promissory note to the plaintiffs, payable in six months, for the sum of $97.76. Afterward, the firm of "*McDougle, De Armond & Co.*" was formed, who executed to the plaintiffs the notes sued upon. Still later, another firm was formed, that of "*J. De Armond & Co.*," composed of *Thomas, John* and *Joseph De Armond.* The firm of *McDougle, De Armond & Co.* sold out their stock of goods to the firm of *J. De Armond & Co.*, the latter agreeing to pay the debts of the former firm.

The plaintiffs holding the note against *J. De Armond & Brother*, for $97.76, and the notes sued upon, and another against *McDougle, De Armond & Co.*, amounting in all to $736.36, this sum was divided into three equal parts, for which *J. De Armond & Co.* executed to the plaintiffs three several promissory notes, payable in bank, at thirty, sixty and ninety days. These notes were not received by the plaintiffs in *satisfaction* of the former notes against the other firms, but it was agreed that when they were paid, the payments should be applied, first, to the satisfaction of the note against *J. De Armond & Brother*, for $97.76, and then to the notes against *McDougle, De Armond & Co.* Payments were made at different times by *J. De Armond & Co.*, on the notes thus given by them, but no express

appropriation appears to have been made, either by them or by the plaintiffs, different from the terms agreed upon.

The Court found from the evidence that there was due the plaintiffs, on the notes in suit, the sum of $202.16, if the payments proved be applied first to the note of *De Armond & Brother*, and the residue on the notes sued on; but if the payments proved be all applied to the notes sued upon, then there was due the plaintiffs only $90.15. For the latter sum the Court rendered judgment for the plaintiffs; thus determining that as a question of law arising on the facts stated, the payments should be applied wholly to the notes in suit.

We are of opinion that the ruling was wrong, because it was against the express terms of the contract, if not against the law, in the absence of such express stipulations. As to the law, in the absence of express agreement as to the appropriation of payments, see Story on Part., § 157.

We have seen that by the express terms of the agreement the payments were to be applied, first, to the debt against *De Armond & Brother*. The payments made ought to be applied as agreed upon, unless a different appropriation was made by consent of parties, which does not appear to have been the case.

But the appellees insist that the plaintiffs rescinded the contract by bringing suit upon the original notes, and therefore are not entitled to the benefit thereof, in regard to the application of payments. This suit was not brought until after the notes given by *J. De Armond & Co.* had all matured. Upon their non-payment at maturity, the plaintiffs had a right to sue on the original notes, and in doing so they neither violated nor rescinded the agreement. That agreement was that payments made by *J. De Armond & Co.* should be applied in a particular manner, and the plaintiffs have done nothing, that we can discover, which should prevent the application being made accordingly.

There is no necessity for a new trial in the cause, the Court having found sufficiently the amount due the plaintiffs, applying the payments made, first, to the note of *J. De Armond & Brother*. This amount we have seen was $202.16, for which judgment should have been rendered.

Nov. Term,
1861.

The plaintiffs moved for judgment for this amount, on the finding, but the motion was overruled, and they excepted.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded, with instructions to the Court below to render judgment in favor of the plaintiffs for two hundred and two dollars and sixteen cents, with interest thereon from the time of the finding.

*J. S. Scobey*, for the appellants.

*B. W. Wilson*, for the appellees.