JOHN D. FREEMAN *v.* J. D. STEWART *et al.*

1. PARTNERSHIP : LIEN OF CREDITOR ON PARTNERSHIP EFFECTS.—During the existence of a partnership, creditors have no equity against, or lien on the partnership effects : their remedy is at law.

2. SAME : LIEN OF PARTNERS ON PARTNERSHIP PROPERTY : HOW AVAILABLE TO CREDITORS.—Partners have a lien upon partnership property for the purpose of discharging the liabilities of the partnership, and this lien of the members of the partnership, through their agency and medium, may be made available to the creditors of the firm.

3. SAME : LIEN OF CREDITORS AFTER DISSOLUTION : HOW AVAILABLE.—When a partnership is dissolved by death or bankruptcy of one partner, the creditors have a quasi lien upon partnership effects, as a derivative, subordinate right under and through the lien and equity of the partners.

4. SAME : PARTNERSHIP DEBTS JOINT AND SEVERAL : SEPARATE ESTATE OF DECEASED PARTNER.—Partnership debts are now held in equity as joint and several, and partnership creditors have the election to proceed at law against the surviving partners, in the event of the death of one of the partners, or in equity against the separate estate of the deceased partner, whether the survivors be bankrupt, insolvent, or not.

5. SAME : REMEDY GIVEN BY STATUTE AGAINST SURVIVORS AND ESTATE OF DECEASED PARTNER.—It is provided by statute in this State that the surviving partner may be sued jointly with the representatives of the deceased partner ; the remedy at law is full and complete, and equity has no jurisdiction to enforce the collection of such demands.

6. SAME : CASE IN JUDGMENT.—Freeman filed his bill in chancery against Stewart, the surviving partner, and the representatives of G——, the deceased partner, alleging that the assets of the firm of S. & G. con-

sisted of real estate, and praying that the same may be subjected to the payment of his debt. Held—That the remedy was by suit at law against the survivor and the representatives of the deceased partner, and that a court of equity had no jurisdiction.

APPEAL from the Chancery Court of Hinds county. Hon. John Watts, chancellor.

*John D. Freeman* for appellant.

*F. Anderson, Johnston* and *Johnston* for appellees.

HARRIS, J., delivered the opinion of the court.

The bill shows that defendant Stewart, and Richard Griffith, since deceased, were partners in banking. That as such they issued their certificate of deposit to one Bush, for a certain sum of gold and silver deposited with them; that after the said deposit and the issuance of the certificate, Griffith died. That Bush assigned the certificate to complainant. That complainant repeatedly demanded the sum of money so deposited, of the said Stewart, surviving partner, which he refused to pay.

This bill is filed as a creditor's bill, against the heirs-at-law and administrator of Griffith, and said Stewart, alleging that the assets of the firm consist of real estate only, and praying to subject the same to the payment of complainant's debt.

There was an amended bill, the substance of which, as well as of the original bill, are stated above, as far as necessary to the case now before us.

To both the original and amended bills defendants demurred, and the demurrers were sustained.

The bill proceeds upon the idea that a joint creditor of a partnership has an equitable lien on the assets of the partnership in the hands of the survivor, upon the death of one of the partners.

As *against* the surviving partner the creditor has no lien, and no remedy except at law. He may sue the surviving partner at law, and obtain his judgment, and sell the partnership property.

But as each partner has a lien on the assets of the firm in equity, for the payment of its debts, courts of equity (upon the death of one partner), *with the assent* of the surviving partners, have permitted the creditors to avail themselves of this equitable lien, in favor of the partners, for the purpose of winding up and settling the business of the partnership, and applying the assets, as in equity ought to be done.

While the partnership is existing creditors have no equity, strictly speaking, against *the effects of the partnership ;* neither have they any *lien* on the partnership effects for their debts. Their only remedy is by action at law.   Story on Partnership, sec. 358, p. 509, &c., sec. 97, 135.

When the partners themselves have a lien upon the partnership effects, for the discharge of all the debts and obligations thereof (*as they have*, in all cases where they have not parted with it), that lien may, in many cases, be made available for the benefit of the creditors.   But then the equities of the creditors are to be worked out through the medium of that of the partners. They have, indeed, no lien ; but they have something approaching a lien, of which, *with the assent of the partners* entitled to the lien, they may avail themselves, in a court of equity, *against the partnership effects.*   Story on Partnership, sec. 360, pp. 511–12.

It is only in cases of dissolution by the bankruptcy or death of one partner, &c., that the joint creditors have a *quasi lien* upon the *partnership effects*, as a *derivative, subordinate* right, *under and through the lien and equity of the partners.*   Ib. sec. 361.

But as to the separate *estate of the deceased partner*, at law, the creditors have no remedy.   *At law* the sole right of action is against *the survivors*, in favor of joint creditors.   And it was formerly held that joint creditors of the partnership had no claim *in equity against the separate estate of the deceased partner*, except where the surviving partners were at the time, or subsequently became, insolvent or bankrupt.   But it is *now* held that in equity all partnership debts are to be deemed joint and several ; and consequently the joint creditors have, in all cases, a right to proceed *at law* against the survivors, and an election, also, to

proceed *in equity* against *the separate estate of the deceased partner*, whether the survivors be insolvent or bankrupt or not. The consequence is that the joint creditors need not now wait until the partnership affairs are wound up, and a final adjustment thereof made. But they may at once proceed, as upon a joint and several contract, in equity against *the separate estate of the deceased partner*, although in any such suit the surviving partners must be made parties, as persons *interested in taking the accounts*.

It seems to be clear, therefore, that as against *the separate estate of the deceased partner*, when the joint creditor *cannot sue at law*, he may at once proceed *in equity*, without suing the surviving partner to insolvency or bankruptcy, and thus exhausting the partnership assets or property in the hands of the survivors ; not because he has a lien, or *quasi lien*, against *the estate of the deceased partner*, but because in equity his remedy is joint and several, and because *at law* he has *no remedy* against the separate *estate of the deceased partner*. But in case of a suit against the surviving partner, no such *independent* right exists; first, because there is a remedy at law against the surviving partner, as the representative of the joint estate, by suit on the legal demand. And as a *legal demand*, alone, he cannot present it in a court of equity. And second, because having *no lien* himself, he cannot *by himself*, and for his benefit alone, be heard in a court of equity to assert, *independently* of the surviving partners, *their* right to a lien (in equity) on the assets of the partnership for the payment of the partnership debts. And hence it is said by Judge Story, in treating of this subject : They (the creditors) have no lien ; but they have something approaching a lien, of which, *with the assent of the partners entitled to the lien*, they may avail themselves, in a court of equity, *against the partnership effects.* Story on Partnership, p. 811, sec. 360.

But this whole doctrine is founded upon the *necessity* of proceeding *in equity* to do what could not be accomplished in a court of law, to wit: to subject the assets of the partnership as well as the estate of the several partners to the payment of the creditors' debt. Hence in this State, where by statute (Rev.

Code, p. 357, art. 10) it is declared that, "on any contract, promise, or liability of partners, it shall be lawful to sue any one or more of the parties liable" at law—and where, by art. 12 of the same Code, "separate suits may be brought against the representatives of such of the parties to said bills and notes as have died; or joint suits may be brought against the representatives of such deceased party, with those who are alive, and bound thereon"—these doctrines of a court of equity have at least a very limited application.

The statute having made full provision for suing the parties jointly or severally—and also their legal representatives—at law, and the necessity for the interposition of a court of equity having been thereby removed, the jurisdiction of that court, arising out of this defect in the remedy at law, must cease with that necessity. Neither before nor since the passage of the articles in the Rev. Code, just cited, therefore, could this bill be maintained. Anterior to the statute, the absence of any *lien*, or the denial or refusal by the surviving partner of his *assent* to the enforcement of *his equitable lien* on the partnership effects, for the discharge of the debts and obligations thereof, would have debarred plaintiff of this remedy in equity against the assets of the firm in the hands of the surviving partner. On this point Stewart's demurrer to complainant's bill is conclusive of non-assent.

And *since* the statute, no jurisdiction is left in courts of equity over the subject in this State, so far as it concerns the case made by this bill.

For these reasons the decree must be affirmed.