IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1878.

90   37
36a 595

### LAZARUS SILVERMAN

*v.*

### HORACE E. CHASE, Exr., etc.

1. FAILURE OF CONSIDERATION—*new notes in place of old one.* Where new notes are given by a firm in place of an old note of a prior firm, the payment of which the new firm had assumed, under a contract that a third person should also sign the new notes, upon which the old note should be surrendered, and the makers fail to procure the signature of such third person, the creditor may treat the new notes as additional security for his claim, and his failure to surrender the old note, not being inconsistent with the contract, will not constitute a failure of the consideration of the new notes.

2. CONSIDERATION—*of notes given in lieu of note of a prior firm.* Where parties succeeding in a partnership to all the rights and liabilities of a former firm, give new notes in lieu and satisfaction of a debt of such firm, the payment of which they had assumed, their liability to pay the debt will be a sufficient consideration to sustain the notes.

3. PARTNERSHIP—*when partner may execute firm note.* Where A, being indebted, forms a partnership with B, who assumes half of the indebtedness of A, and succeeds to half of the property of A in the business, and they, afterwards, as partners execute a note to the creditor of A for A's debt, and B

then sells his interest in the firm to C, who succeeds as to all the rights and liabilities of B in the firm, and A then sells his interest in the firm to D, who succeeds to all his rights and liabilities in the firm of A & C, C & D taking the place of A & B, the note of A & B will be held a firm indebtedness as to the new firm of C & D, and either one of such firm will be authorized to give a firm note in place of the note given by A & B.

4. SAME—*election of creditor to proceed against estate of deceased partner or against survivor.* A partnership debt being joint and several, the creditor has the right to elect whether to proceed against the assets in the hands of the surviving partner, or against the estate of the deceased member, nor will the *laches* of the creditor in following the assets of the firm, preclude a recovery against the estate of the deceased partner.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This case originated in the county court, where appellant presented, for allowance, a claim against the estate of George H. Hutchins, deceased. The county court refused to allow the claim, and the circuit court, on appeal, rendered a like decision, to reverse which Lazarus Silverman, the claimant, brings the record here by appeal.

It appears, from the evidence, that in the year 1871 a partnership was formed by Henry Stephens and Franklin Emery, for carrying on a planing mill and box factory business, under the firm name of Stephens & Emery. At the time of the formation of the partnership, Stephens was indebted to divers persons in a sum of money exceeding $14,000. Under the articles of co-partnership Emery became jointly liable with Stephens for the indebtedness, and he at the same time became a joint owner with Stephens of the assets of the firm. Among the debts was one of $2,666.67, due to Robert McClelland, for which the firm of Stephens & Emery gave their note, dated January 1, 1871, due in three years, with interest at ten per cent. This is the debt involved in this action.

On the 27th day of October, 1871, Emery sold and assigned all his interest in the firm to George W. Clark, and by written articles of co-partnership assumed the same place in the firm that had been formerly occupied by Emery, and assumed

all obligations for which Emery was bound, and the business was conducted in the firm name of Stephens & Clark. Sometime after this arrangement was made, George H. Hutchins bought out Stephens, and, in connection with Clark, took possession of the property of the firm, and on the 9th day of June, 1873, he formed a co-partnership with Clark for carrying on the business. In the article of co-partnership it was provided, "Said Hutchins shall succeed to all the rights, property and liabilities of Henry Stephens, as shown by the books of the old firm of Stephens & Clark. The books are hereby made *prima facie* evidence of the amount of capital invested by each of said partners in the firm business at the time of the formation of this partnership."

The note for $2,666.67, given by Stephens & Emery to Robert McClelland, was indorsed by the payee to appellant, Lazarus Silverman, who, on maturity of the note, January 1, 1874, insisted upon payment. Hutchins at the time being unwell and confined to his house, gave directions for Clark, his partner, to attend to it. Clark and a clerk who were looking after the interest of Hutchins, called upon appellant and made an arrangement to settle the note by giving four notes for $600 each, all being dated January 3, 1874. These notes were signed by the firm of Clark & Hutchins, Henry Stephens and Franklin Emery, and delivered to appellant. It was also agreed that one Frank Fox should also sign the notes, and when this was accomplished the old note was to be surrendered. Fox, however, never executed the notes, and the old note was never surrendered, but the indebtedness was diminished by payments, so that there remained but two of the $600 notes, each bearing date January 3, 1874, one due in four the other in five months, with ten per cent interest, which were presented to be allowed against the estate of Hutchins, he having died in February, 1874.

Messrs. SMITH & BURGETT, and Mr. D. J. SCHUYLER, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

It is contended on behalf of appellee, that the new notes were without consideration, or that the consideration has failed for the reason appellant refused to surrender the old note, according to the agreement. It is true, under the arrangement at the time the new notes were given, it was agreed that the old note should be surrendered when Fox executed the new notes, but the evidence does not show that the new notes as executed were delivered on condition that the old note should be surrendered. These new notes were taken by appellant for the old one, and were to be in full satisfaction when Fox should execute them. As the firm of Clark & Hutchins never obtained the signature of Fox to the notes, they could not insist on the surrender of the old note, and we see no reason why appellant could not hold the new notes as additional security for his claim. Certainly his doing so was not inconsistent with the contract under which they were proven to have been received. We do not, therefore, think the consideration for these notes has failed; nor do we regard the new notes given without consideration. If the firm was indebted to appellant, which we shall attempt to show hereafter, then either member of the firm could bind the firm for the payment of this debt by giving a promissory note.

But, it is contended that even if there was a consideration for the new notes, Clark had no authority to execute notes in the firm name and bind Hutchins. This position is predicated upon the theory that the obligation of Clark & Hutchins was not joint, but several. A mere reference to the articles of co-partnership between Stephens & Emery will clearly show that that firm regarded the debt as a firm liability. The articles recite the indebtedness, and provide, " Emery promises to pay and become jointly liable with Stephens for said indebtedness." The firm note was given for the debt. Under these circumstances there can be no doubt, so far as the firm

of Stephens & Emery was concerned, the debt became and was a liability of that firm.

After Emery sold out to Clark, and the firm of Stephens & Clark was formed, that firm agreed to become bound by all the covenants and obligations contained and set forth in the articles of agreement between Stephens & Emery. Indeed, Clark merely stepped into the shoes of Emery; he became owner of Emery's interest in the partnership property, and assumed the payment and settlement of all firm obligations. So far, then, as the firm of Stephens & Clark was concerned the debt continued to be a firm obligation.

The next change in the firm arose by the sale of Stephens' interest in the firm property to Hutchins. The articles of co-partnership entered into between Clark and Hutchins expressly provided that Hutchins should succeed to all the rights, property and liabilities of Henry Stephens as shown by the books of the late firm of Stephens & Clark. Upon an inspection of the books of the late firm of Stephens & Clark, in the book containing a list of the bills payable will be found a memorandum of the $2,666.67 note due appellant. If, then, Hutchins succeeded to all the liabilities of Stephens, the conclusion is inevitable that, as a member of the firm of Clark & Hutchins, he became liable for the debt in question not only severally, but jointly with his partner Clark.

The indebtedness upon the formation of the firm of Stephens & Emery became a firm obligation, and it remained a firm debt during the several changes of the firm, and so continued after the creation of the firm of Clark & Hutchins; and we are of opinion that Clark had authority to give binding firm notes for the indebtedness.

It is next urged, that this claim can not be proved against the estate of Hutchins, until the partnership assets of the firm of Clark & Hutchins have been exhausted.

We do not regard the position tenable. A partnership debt is joint and several, and the creditor has the right to elect whether he will proceed against the assets in the hands of the

surviving partner, or against the estate of the deceased partner, as held by this court in *Mason* v. *Tiffany*, 45 Ill. 392. Nor will the *laches* of the creditor‹ in following the assets of the firm, preclude a recovery. The creditor has the right to proceed against the estate at any time before the Statute of Limitations has run, and a failure to pursue the partnership assets can not be relied upon as a defense when suit is brought against the estate.

Under the evidence, the claim of appellant has never been paid or discharged, and no reason has been shown why it should not be allowed. The court erred in refusing to allow the claim against the estate, and for this reason the judgment will be reversed and the cause remanded.

*Judgment reversed.*