## KATE N. DOGGETT, Ex'x.

### *v.*

## CHARLES H. DILL.

*Filed at Ottawa January 23, 1884.*

1. ADMINISTRATION—*liability of estate of one partner for a partnership debt.* Every partnership debt, in equity, being joint and several, the holder of the same may, in case of the death of a partner, resort, in the first instance, to the surviving partners, or to the assets of the deceased partner, as he may elect; and a failure to proceed against the surviving partners until their insolvency, is no bar to its collection from the estate of the deceased partner.

2. SAME—*marshaling assets—between joint and individual creditors of an estate.* Where there are individual and partnership creditors having demands against an estate, the individual creditors will have priority as to the individual assets, and partnership creditors a prior claim against firm assets; and the individual creditors will have the right to insist that no part of the separate assets shall be taken and applied in payment of firm debts until all separate debts are paid in full.

3. SAME—*equitable jurisdiction in allowance of claims.* As the probate court, in the adjustment and allowance of claims against estates of deceased persons, is invested with equitable jurisdiction, it follows that a debt or claim against a partnership firm may be allowed against the estate of a deceased member of such firm without showing the insolvency of the surviving partners, and collected of the administrator, when the rights of separate creditors of the decedent will not be prejudiced, they having priority as to the assets of the individual estate over joint creditors.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. STILES & LEWIS, and Mr. R. W. PIKE, for the appellant:

A partnership demand can not be proved against the individual estate of a deceased partner until the legal remedy against the partnership assets and surviving partners has been exhausted. In this State partnership obligations are

strictly joint, and not several. *Coates* v. *Preston et al.* 105 Ill. 470.

. At common law, upon the death of one of two or more joint obligors, the obligation survived, and could be enforced only against the survivors. 2 Wharton on Contracts, sec. 832; Dicey on Parties, 237; *Gere* v. *Clark*, 6 Hill, 350.

In equity the obligation could be enforced against the estate of a deceased partner after the legal remedy against the survivors had been exhausted. *Lane* v. *Williams*, 2 Vern. 292; *Jacomb* v. *Harwood*, 2 Ves. Sr. 263.

The rule in England finally developed into the doctrine that in equity a partnership creditor might proceed immediately against the estate of a deceased partner, without regard to whether there were partnership assets, or whether the surviving partners were solvent. *Devaynes* v. *Noble*, 1 Mer. 529; *Wilkinson* v. *Henderson*, 1 M. & K. 582; *Thorp* v. *Jackson*, 2 Y. & C. Ex. 553.

Although the probate court has jurisdiction to allow equitable claims, yet this claim can not be ascertained on equitable principles until the legal remedies have been exhausted. That court can not adjust the equities in the first instance.

The case of *Mason* v. *Tiffany*, 45 Ill. 392, and *Silverman* v. *Chase*, 90 id. 37, following, are based upon the doctrine that a partnership debt is joint and several. The case of *Coates* v. *Preston, supra,* has, however, settled the law in this State that such a debt is joint.

In support of the first proposition announced, counsel referred to and commented on the following cases outside this State: *Grant* v. *Shenton*, 1 Wend. 148; *Voorhis* v. *Childs*, 17 N. Y. 354; *Caldwell* v. *Stillman*, 1 Rawle, 212; *Hubble* v. *Perine*, 3 Ohio, 287; *Horsey* v. *Heath*, 5 id. 353; *Sherman* v. *Kreul*, 42 Wis. 33; *Bergwin* v. *Hostler*, 1 Taylor, (N. C.) 124; *Philson* v. *Bumpfield*, 1 Brev. (S. C.) 202; *Bennett* v. *Woolford*, 15 Ga. 213; *Pendleton* v. *Phelps*, 4 Day, 476.

Messrs. DEXTER, HERRICK & ALLEN, for the appellee:

It is conclusively settled, in this State, that appellee could prove his claim against the estate of Doggett, in the first instance, without showing that the assets of the partnership and of the surviving partners had been exhausted. *Silverman* v. *Chase*, 90 Ill. 37; *Mason* v. *Tiffany*, 45 id. 392.

The cases of *Pahlman* v. *Graves*, 26 Ill. 405, and *Moline Water Power Co.* v. *Webster*, 26 id. 230, rest upon an entirely different principle.

Joint creditors may have their demands allowed and satisfied out of the deceased debtor's estate, except where it may work an injury to the separate or individual creditors, who alone can complain. *McCulloch* v. *Dashiell*, 1 H. & G. 106; *Lewis* v. *United States*, 13 N. B. 33; *Ridgeway* v. *Clare*, 9 Beav. 111; *Washburn* v. *Bank*, 19 Vt. 278; *Dean* v. *Phillips*, 17 Ind. 406; *Wisham* v. *Lippincott*, 1 Stockt. Eq. 353.

The probate court has jurisdiction to allow equitable claims against estates. *Moore* v. *Rogers*, 19 Ill. 347; *Dixon* v. *Buell*, 21 id. 203; *Hand* v. *Slater*, 43 id. 348; *Garvin* v. *Stewart*, 59 id. 229; *In re Steele*, 65 id. 322; *People* v. *Harrison*, 82 id. 84; *Westbay* v. *Williams*, 5 Bradw. 521; *Armstrong* v. *Cooper*, 11 id. 561; *Freeland* v. *Dazey*, 25 id. 296; *Harris* v. *Douglas*, 64 id. 466; *Blanchard* v. *Williams*, 70 id. 647; *Hales* v. *Holland*, 94 id. 494.

That a partnership obligation is both joint and several, see, further, *Morrison* v. *Keutz*, 15 Ill. 193; *Rainey* v. *Nance*, 54 id. 29; *Ladd* v. *Griswold*, 4 Gilm. 25; *Nelson* v. *Hill*, 5 How. 127; *Lewis* v. *United States*, 92 U. S. 618; *Saunders* v. *Wilder*, 2 Head, 577; *Irby* v. *Graham*, 46 Miss. 425; *Freeman* v. *Stewart*, 41 id. 138; *McLain* v. *Carson*, 4 Ark. 164; *Weaver* v. *Thornburg*, 15 Ind. 124; *Kimball* v. *Whitney*, id. 280; *Hardy* v. *Overman*, 36 id. 549; *Camp* v. *Grant*, 21 Conn. 41; *Strong* v. *Niles*, 45 id. 52; *Filyan* v. *Laverty*, 3 Fla. 72; *Travis* v. *Tartt*, 8 Ala. 577.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

William E. Doggett died April 3, 1876, testate, and Kate E. Doggett, appellant, who was named as executrix, qualified as such in the probate court of Cook county. Doggett, at the time of his death, and for many years before, was a member of the firm of Doggett, Barrett & Hills. In 1871, T. C. H. and Lucy W. Smith executed their two promissory notes for certain sums of money, payable to Charles H. Dill. The two notes, on the date of their execution, were guarantied by Doggett, Barrett & Hills, the firm name to the guaranty being executed by Doggett. No effort was made by Dill to collect the amount due on the notes from the firm assets, or from the surviving members of the firm of Doggett, Barrett & Hills, but after the death of Doggett he presented the claim to the probate court, to be allowed against the estate of deceased. The probate court, upon the evidence introduced, allowed the claim, and the executrix appealed to the circuit court, where a second trial was had, resulting in a judgment against the estate. An appeal was then taken to the Appellate Court, where the judgment of the circuit court was affirmed, and this record is brought here by the executrix for the purpose of reversing the judgment of the Appellate Court.

It is insisted by appellant that a partnership demand can not be allowed against the individual estate of a deceased partner until the legal remedy against the partnership assets and surviving partners has been exhausted.

In *Mason* v. *Tiffany*, 45 Ill. 392, which was a proceeding in chancery, by a creditor of a firm, to enforce payment of a firm debt against the estate of Tiffany, a deceased member of the firm, it was held, that every partnership debt being joint and several, it follows, necessarily, that resort may be had, in the first instance, for the debt, to the surviving partners, or to the assets of the deceased partner. In the deci-

sion of the case it is said: "If it was a fact that the surviving partners remained solvent for a long time before the assignment, and the assigned assets were sufficient to pay this claim, still these did not require the complainant to press his claim against them, the estate of the deceased partner being equally a fund on which he had a right to rely." This case seems to establish the doctrine, in plain words, that a creditor, in equity, has the right, where he holds a claim against a firm, one member of which has died, to proceed against the estate of the deceased member or the surviving partners, as he may elect.

In *Silverman* v. *Chase*, 90 Ill. 37, the same question arose, and, following the doctrine of the case last cited, it was said: "A partnership debt is joint and several, and the creditor has the right to elect whether he will proceed against the assets in the hands of the surviving partner or against the estate of the deceased partner, as held by this court in *Mason* v. *Tiffany*, 45 Ill. 392. Nor will the *laches* of the creditor in following the assets of the firm preclude a recovery. The creditor has the right to proceed against the estate at any time before the Statute of Limitations has run, and a failure to pursue the partnership assets can not be relied upon as a defence when suit is brought against the estate."

These two cases would seem to be conclusive of the question presented, so far, at least, as this court is concerned, as they, in terms, decide the same question involved in the record before us, and it would not be deemed necessary to say anything more on the question were it not for the fact that it is claimed that these cases are in conflict with prior decisions of this court, and the doctrine therein announced is not sound, and in harmony with the current of authority on the subject. We have therefore concluded to briefly refer to some of the authorities which have a bearing on the question, with the view of showing that the decisions of this court are fully sustained by the weight of authority.

Story on Partnership, sec. 362, says: "The doctrine formerly held upon this subject seems to have been, that the joint creditors had no claim whatsoever in equity against the estate of the deceased partner, except when the surviving partners were at the time, or subsequently became, insolvent or bankrupt. But that doctrine has been since overturned, and it is now held, that in equity all partnership debts are to be deemed joint and several, and consequently the joint creditors have, in all cases, the right to proceed at law against the survivors, and an election also to proceed in equity against the estate of a deceased partner, whether the survivors be insolvent or bankrupt, or not." The same doctrine, but in different language, is declared by Story in his work on Equity Jur. sec. 676.

Collyer on Partnership, sec. 580, declares the law in the following language: "It is now established beyond controversy, that in the consideration of courts of equity, a partnership debt is several as well as joint, and that upon the death of a partner a joint creditor has a right in equity to proceed immediately against the representative of the deceased partner for payment out of his separate estate, without reference to the question whether the joint estate be solvent or insolvent, or to the state of accounts amongst the partners."

Dixon on Partnership, 113, says: "When a liability exists the creditor may, at his option, either pursue his legal remedy against the survivor, or resort in equity to the estate of the deceased, and this altogether without regard to the state of the accounts between the partners themselves, or to the ability of the survivor to pay."

Lindley on Partnership, 1053, says: "Whatever doubt there may formerly have been upon the subject, it was clearly settled before the judicature acts, that a creditor of the firm could proceed against the estate of the deceased partner without first having recourse to the surviving partners, and without reference to the state of the accounts between them

and the deceased." See, also, Parsons on Mercantile Law, 192; Adams' Equity, 173; Smith on Mercantile Law, 48; 3 Kent's Com. 63, 64, and note.

From the citations made, it would seem that the law, as declared in *Mason* v. *Tiffany,* and *Silverman* v. *Chase, supra,* is fully sustained, at least by text writers of high authority, both in this country and in England. But it will not be necessary to rely alone on the text books for a solution of the question, as the decisions in England and many of the States are in harmony with the rule declared in the text books. In England, as early as 1816, in *Devaynes* v. *Noble,* 1 Mer. 529, it was decided, that in equity partnership debts are joint and several, and a creditor holding a firm debt could resort to the estate of the deceased partner for payment, without showing the insolvency of the survivor. The rule adopted in the case cited was subsequently adhered to and followed in *Wilkinson* v. *Henderson,* 1 M. & K. 582, and since the decision of these cases the doctrine there announced has been regarded as the settled law of England. In *Nelson* v. *Hill,* 5 How. 127, the Supreme Court of the United States held that the creditor of a partnership may, at his option, proceed at law against the surviving partner, or go in the first instance into equity against the representatives of the deceased partner,—that it was not necessary to exhaust his remedy at law against the surviving partner before proceeding in equity against the estate. In support of the rule announced, Story on Partnership, sec. 362, note 3, is cited. In a later case, (*Lewis* v. *United States,* 2 Otto, 622,) *Nelson* v. *Hill* is cited with approval. In *Camp* v. *Grant,* 21 Conn. 41, the Supreme Court of Connecticut, in an able opinion, adopt the rule of the courts of England. In *Weaver* v. *Thornburg,* 15 Ind. 124, the question arose, and the Supreme Court of that State adopt the rule in the language of Story on Partnership, cited *supra,* and this decision was followed in a number of subsequent cases. (*Dean* v. *Phillips,* 17 Ind. 400; *Hardy* v. *Over-*

*man,* 36 id. 549.) In *Freeman* v. *Stuart,* 41 Miss. 141, the question arose, and the Supreme Court of that State held, in equity all partnership debts are joint and several, and a creditor has the right to proceed in law against the survivor, and an election also to proceed against the separate estate of the deceased partner, whether the survivor be solvent or not. (See, also, *Irby* v. *Graham,* 46 Miss. 428, where the English rule is fully approved.) The same doctrine has been adopted in Vermont, in *Washburn* v. *Bank of Bellow's Falls,* 19 Vt. 278. In Tennessee, in *Saunders* v. *Wilder,* 2 Head, 579. In Arkansas, in *McLain* v. *Carson,* 4 Ark. 465. In New Jersey, in *Wisham* v. *Lippincott,* 1 Stockt. Eq. 353. In Alabama, in *Travis* v. *Tartt,* 8 Ala. 577. In Florida, in *Filyan* v. *Laverty,* 3 Fla. 72. In Texas, in *Gant* v. *Reed,* 24 Texas, 46. In New Hampshire, in *Bowker* v. *Smith,* 48 N. H. 111. In New York and Georgia a contrary rule has been adopted, as will be found in the following cases: *Lamenas* v. *Trustees,* 11 Paige, 80; *Voorhis* v. *Childs,* 17 N. Y. 354; *Bennett* v. *Woolford,* 15 Ga. 213. Upon an examination of the New York cases, it appears that the rule there adopted was supposed to be predicated on the old English cases, and when the courts of England established the doctrine which is laid down as the law in *Devaynes* v. *Noble,* and *Wilkinson* v. *Henderson, supra,* the New York courts refused to follow the English rule, but adhered to what was supposed to be the law in England as declared in that court prior to that time. Georgia seems to follow the New York rule. In a late case in Wisconsin, (*Sherman* v. *Kreul,* 42 Wis. 33,) the Supreme Court say: "We are disposed to adopt the New York rule, that in order to recover against the administrators the plaintiff should allege and show that the surviving partner is insolvent." It is also claimed by appellant that the New York rule has been adopted in North and South Carolina, Ohio and Pennsylvania; but without stopping to determine precisely what the rule of the courts of these States may be,

we are satisfied that the decided weight of authority is in harmony with the rule adopted in this State, and we are not inclined to change the rule heretofore adopted in this State, and follow the doctrine established by the courts of New York and Georgia, although we fully recognize the great ability of those courts.

It is also claimed that *Silverman* v. *Chase* is in conflict with *Moline Water Power and Manf. Co.* v. *Webster*, 26 Ill. 233, and *Pahlman* v. *Graves*, id. 405. This position is, in our judgment, based upon a misapprehension of those cases. In those cases there was a controversy between partnership and individual creditors, and the principle of marshaling assets was applied, as it should have been. Where there are individual creditors and partnership creditors, there is no doubt in regard to the law that all individual creditors have a prior claim against the individual assets, and partnership creditors have a prior claim against firm assets, and an individual creditor would have the right to insist that no part of the separate assets should be taken and applied in payment of firm debts until all separate debts had been paid in full. This familiar rule was applied in the two cases referred to, and also in the case of *Ladd* v. *Griswold*, 4 Gilm. 25. But there is no contest between individual and partnership creditors here, and hence the doctrine of marshaling assets does not apply. In this case no claims had been presented or allowed against the estate, of any character, except the one in controversy, and no individual creditor is resisting the allowance of the claim.

But independent of the authorities, we are satisfied that the rule holding the estate of a deceased partner primarily liable in equity, is sound in principle. Doggett, in his lifetime, was individually liable for this debt, and if he had been sued, and a judgment obtained against him, any of his individual property would have been liable to be taken and sold in satisfaction of the debt. It is true, if he had been sued at law

in his lifetime, it would have been necessary to join his partners as defendants in the action; but after judgment, it was not necessary to exhaust the partnership assets before individual property could be taken, but the creditor could resort to such property in the first instance, if he saw proper. Did the death of Doggett in any manner change the liability which existed on this contract before his death? We think not. The liability continued as before, but the remedy to enforce that liability was changed from a court of law to a court exercising equitable powers. Before his death the liability could only be enforced by a joint action against Doggett and his partners; after his death the liability continued, but could only be enforced in the probate court, which, in the allowance of claims, exercises equitable powers. The death of a debtor may extinguish a legal remedy on a joint contract, but we are not aware that it has ever been held that the death of a debtor could extinguish the debt or discharge the estate of the deceased.

In conclusion, we are satisfied, under the facts as disclosed by this record, appellee's claim was a proper one to be allowed against the estate of the deceased, and that it was properly allowed by the probate court.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER: If the doctrine of this opinion is to be applied in cases where there are individual creditors of the deceased partner, I dissent.