# Amelia C. Henry, Adm'x, etc., v. George W. Caruthers.

1. PARTNERSHIP—*Renewal of a Certificate of Deposit, When Payment of Prior Debt.*—Where the creditor of a partnership takes a new certificate of deposit of the surviving partners for the amount of his claim he does not release the estate of a deceased partner unless it is so agreed at the time. The *onus* of showing that it is an extinguishment, lies upon those who allege it. To convert a partnership into a partner's separate debt, the intention to do so must clearly appear. There must be a deliberate and mutual assent of creditor and debtor.

2. SAME—*Accepting Interest—Extension of Time of Payment to Surviving Partner.*—Payment of interest by, and the extension of time to, the surviving partners, in the absence of an agreement to discharge a deceased partner, will not discharge the latter. The surviving partners were charged with the duty of settling the business and paying the debts of the partnership. If they failed to pay a debt already due, and desired time in order to pay it, they have the right to pay interest at the legal rate until the debt itself is paid.

3. NOVATION—*When Taking New Certificate of Deposit is Not.*—A banking firm composed of several partners, upon the death of one of the partners, informed the holder of certificates of deposit upon his inquiry as to condition of the bank that it would continue in business and the estate of the deceased partner was liable for debts existing at his death; the holder then surrendered his certificates of deposit, accepted payment of the interest, and new certificates were issued to him. The surviving partners became insolvent. In an action to charge the estate of the surviving partner with the payment of these certificates of deposits, *it was held* that the certificates of deposit issued subsequent to the death of the deceased partner were not a novation.

**Claim in Probate.**—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

ROBERT H. PATTON and EDWARD D. HENRY, attorneys for appellant.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

The Bank of Waverly was a copartnership composed of Levi H. Henry and seven others, prior to August 17, 1897,

and for money deposited in the bank had issued certificates to appellee for $12,000, and also to him as conservator for Elizabeth Caruthers for $2,900, all for a specified time; and on the date before mentioned Levi H. Henry died. In the following October, appellee, having been informed of the death of Henry, applied to the surviving partners to inquire of them concerning a rumor that the bank would be closed in consequence of such death, and was informed that it would not be so closed, and further that the estate of Henry was liable for the debts existing at the time of his death. Appellee then received a statement of the resources and liabilities of the bank, and the individual surviving partners. Appellee then surrendered his certificates of deposit, accepted payment of the interest, and new certificates were issued to him. Appellee made no express agreement to accept the surviving partners for the debt, or to release the Henry estate, but expressed the opinion the bank was all right with Henry out of it. No representative of the estate participated in the renewal of the certificates. When the new certificates matured, they also were surrendered, renewed, time extended and interest paid. August 11, 1898, the survivors, becoming insolvent, made an assignment for the benefit of creditors, in which proceedings appellee filed and proved his claim. The survivors were also adjudged bankrupts upon petition of appellee and others, in which proceedings this indebtedness was also proved. The articles of copartnership provided that the death of a partner should not work a dissolution, but the business should continue by the survivors and such others as might be thereafter admitted. Caruthers had an open account with the bank and other new transactions after Henry's death, but the new certificates represented the same money deposited in Henry's time. The claim was filed for probate against the estate of Henry, and having been appealed to the Circuit Court, a jury was waived, and the trial resulted in a finding and judgment against appellant for $14,983.33, to reverse which she brings this appeal, and for error to reverse the judgment it is argued that it is against

the law and the evidence, the court erred in its rulings upon the propositions submitted to it as the law in the decision of the case, and the court was without jurisdiction, for the the reason, as insisted, a bill in equity was the exclusive remedy.

Of the propositions submitted to the court for its holding as to the law in the decision of the case the court held, in substance, that if the note of the surviving partners was accepted in payment, or as a merger of the former debt, the estate is released thereby. We are of the opinion this contained all that was proper in the propositions that were refused by the court, many, if not most of which contained mere findings of fact, improper to be submitted as legal principles, which they were not. Propositions of law, when the trial is by the court, should embrace, like instructions to the jury, clear and concise statements of the law, and unless they are such, it is proper to refuse them.

The chief point dwelt upon by counsel for appellant in their brief and argument is that by the renewal of the certificates after Henry's death, in the circumstances it was done, there was a novation by which appellee discharged the Henry estate and accepted the surviving partners, or new partnership, for his debt. Where the creditor of a firm takes the notes of the surviving partners for the amount of his claim, he does not release the estate of the deceased partner, unless it is so agreed at the time. The *onus* of showing that it is an extinguishment, lies upon those who allege it. To convert a partnership into a partner's separate debt, the intention to do so must clearly appear. There must be a deliberate and mutual assent of creditor and debtor. The creditor may take the partner's separate liability without necessarily extinguishing the firm. (Hayward v. Burke, 151 Ill. 121, and authorities cited.) Payment of interest by, and extension of time to the surviving partners, in the absence of an agreement to discharge the deceased partner will not discharge the latter. The surviving partners were charged with the duty of settling the business and paying the debts of the firm. If they failed

Henry v. Caruthers.

to pay a debt already due, and desired time in order to pay it, they had the right to pay interest at the legal rate until the debt itself should be paid. (Hayward v. Burke, *supra*.) There is here no evidence of any agreement between the representatives of Henry on the one side and appellant on the other that the latter would accept the surviving partners for the debt and discharge the Henry estate, nor any facts or circumstances from which such agreement could be implied. Neither is there any sufficient evidence that appellant knew or understood that the surviving partners were bound by agreement, if that was true, with the representatives of the Henry estate, to assume the debts of the firm, or that appellant in any way gave assent to such an arrangement; hence the question of the discharge of the estate, as surety merely of the surviving partners, so seriously pressed upon our attention by counsel for appellant, does not, we think, arise for decision. We do not regard the fact the original certificates were surrendered by appellee and canceled by the survivors of Henry, in the circumstances it was done, as of special moment or probative force. Such renewals, in effect, were mere continuations of the old contract, and upon the same consideration. The debt of the bank was for the money deposited, and the certificates are but the evidence thereof, and relate back to the time of such deposit. It seems clear to us from the evidence that when such act was accomplished appellee understood, and was induced by such understanding, that the Henry estate was still bound, and, as we before have said, no representative of the estate became a party to the acts affecting the change of certificates, and, so far as appears, knew nothing concerning the same, nor was the estate misled thereby or induced in any manner to change its position, and was not prejudiced in consequence of the extension of time. Both the survivors and the estate were liable for the payment of the certificates, and it was the equal duty of both to see to it that such payment was made. Payment has not been made, and we find no just cause from the facts, nor in the law or equity of the case, for discharging the estate of Henry from liability.

The point that the exclusive remedy was by bill in equity, and the Probate Court had no jurisdiction of the claim, is, we think, without good reason or merit.   Were this a joint proceeding against all who are liable for the partnership dealings, the question of the jurisdiction of equity might arise; but being a separate proceeding against a deceased partner's estate, the proper forum was the Probate Court, where, in proper cases, both law and equity are administered.   Doggett v. Dill, 108 Ill. 560.

The judgment of the Circuit Court will be affirmed.