## Charles H. Evans, Administrator, etc., v. Superior Steel Company.

### Gen. No. 11,215.

1. PARTNER'S LIABILITY—*extent of, after death.* The estate of a deceased partner is liable for merchandise sold to the firm of which he was a member, during his life, but not delivered until after his death.

2. JUDGMENT ORDER—*proper form of, upon allowance of claim in court of probate.* Where there is no contest between individual and partnership creditors, the doctrine of marshalling assets does not apply, and a judgment in favor of a partnership creditor, that the claim be paid in due course of administration, is proper.

Contested claim against deceased's estate. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 17, 1904.

KRETZINGER, GALLAGHER & ROONEY, for appellant.

CHARLES C. ARNOLD, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court. Smythe and Bartholomew were copartners and as such

copartners, in June, 1897, entered into a contract with appellee for the purchase of ten tons of steel to be delivered from time to time during the remainder of that year at the price of $3.95 per hundred weight. Three tons were delivered in June and paid for. July 9, 1897, Smythe died. August 21, Bartholomew, in the name of the late firm, ordered appellee to deliver the remaining seven tons of steel and it was delivered accordingly. It was not paid for, and a claim for the purchase price thereof was allowed by the Probate Court against the estate of Smythe. On appeal to the Circuit Court, the claim was again allowed for $546.27, and ordered to be paid in due course of administration, and the administrator appealed.

In Mason v. Tiffany, 45 Ill. 392, a firm of which Tiffany was a member ordered of Mason & Co., certain boilers. Before they were delivered Tiffany died, and the boilers were delivered to the survivors of the firm, who continued the business in the old name, and they executed notes for the price in the firm name. The notes were not paid and a bill was filed by the assignee of Mason & Co. against the administrators of Tiffany, to enforce the payment of the purchase price by his estate. The bill was dismissed for want of equity. On appeal the decree was reversed. In that case it was held by the Supreme Court that the claim for the purchase price of the boilers was an indebtedness subsisting against the firm of George B. Tiffany & Company in the lifetime of Tiffany, contracted before the firm was dissolved by his death; that " the notes executed by the survivors were mere evidence of the amount of the debt and time of payment. · The debt itself existed independently of the notes and was a debt for which the separate estate of Tiffany was responsible."

We regard the decision in that case as controlling the decision in this case. If the estate of Tiffany was liable for the purchase price of the boilers contracted for by a firm of which he was a member, but delivered after his death to the surviving partners, on an order given by them in the name of the old firm, then the estate of Smythe is liable

Evans v. Superior Steel Co.

for the purchase price of the steel in question, which was contracted for by Smythe and Bartholomew, partners under the name of the Magic Darner Company, and delivered to Bartholomew in the name of the Magic Darner Company.

There is no contest here between individual and partnership creditors, the doctrine of marshalling assets does not apply, and the judgment that the claim be paid in due course of administration was proper.   Doggett, Ex., v. Dill, 108 Ill. 560.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*