## Harry R. Cunningham, Appellant, v. Frank H. Cunningham and Bert M. Cunningham, Appellees.

ESTATES OF DECEDENTS—*right of contribution among devisees for payment of debts of testator.* A devisee who has lost the benefit of a specific devise and bequest to him by reason of the fact that the whole thereof has been taken to pay testator's debts, while other devisees and bequests of the same character and equally liable for testator's debts have not been taken and did not contribute ratably, is entitled in equity to be reimbursed by the other devisees and legatees ratably for the value of the specific property devised to him which was applied to payment of testator's debts.

Appeal from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded with directions. Opinion filed July 10, 1922. Rehearing denied October 4, 1922.

GEORGE T. BUCKINGHAM, RALPH B. HOLMES and CHARLES TROUP, for appellant.

ROBERT R. RODMAN and C. E. RUSSELL, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

The appeal in this case was originally taken to the Supreme Court and was by that court transferred here. In transferring the appeal the court (*Cunningham v. Cunningham,* 303 Ill. 41) made the following complete statement of the facts and issues involved upon the appeal: "A bill was filed in the circuit court of Vermilion county by Harry R. Cunningham, one of the beneficiaries under the will of his father, James A. Cunningham, against his two brothers, Frank H. and Bert M. Cunningham, also beneficiaries under the will, charging that his devise and bequest had been sold and the entire proceeds exhausted in paying the debts of the testator, and that the devises to the defendants had not borne their proportionate share of

the debts of the estate and had not contributed ratably with the property devised to the complainant, and praying that the defendants be compelled to contribute their ratable proportions of the excess above his proportionate share which the complainant had been compelled to bear, and that the lands devised to them be decreed subject to a lien for the amounts so respectively found due from them. A demurrer was sustained to the bill, it was dismissed for want of equity and the complainant appealed.

"The bill set forth the testator's will, by which he made various bequests of personal property and devises of real estate in Illinois and Indiana, among others, 46 acres of farm land in Vermilion county, Illinois, to his son Frank and 386 acres of land in Vermilion county, Illinois, to his son Bert. To the complainant he devised a life estate in 320 acres of land in Pulaski county, Indiana, an undivided one-fourth interest in certain lots in the original town of Leeds, now part of the city of Hoopeston, Illinois, and an undivided one-fourth interest in the personal property used in operating the Illinois Canning Factory, consisting of horses, mules, machinery, etc., not including money in use or canned goods. To Anna S. Brown, his daughter, who afterwards married and was known as Anna S. Brownfield, he devised certain real estate, together with a one-fourth interest in the same Hoopeston lots and in the same personal property used in operating the Illinois Canning factory, in which one-fourth was also given to the complainant. It was then alleged that the testator had sold and conveyed in his lifetime the 320 acres of land in Pulaski county, Indiana, devised to the complainant for life, and at the time of his death was the owner of an undivided one-half interest in the personal property used by the copartnership of Moore & Cunningham, operating as the Illinois Canning Factory; that the Hoopeston lots were owned in equal shares by the

testator and William Moore as tenants in common, and were used in a copartnership business then and theretofore operated by Moore & Cunningham under the name of the Illinois Canning Factory, and the copartnership also owned and used certain personal property in the operation of the Illinois Canning Factory, consisting of horses, mules, machinery, etc., which was the same property one-fourth interest in which was devised to the complainant, and that the real estate, together with all the personal property used in operating the Illinois Canning Factory, was sold by William Moore, the surviving partner, and the entire proceeds used in the payment of debts of the partnership. The bill averred that the testator left surviving him his widow and the complainant and the defendants, his sons, and his daughter, Anna S. Brown, who is now Anna S. Brownfield, his heirs; that the will was admitted to probate, and the widow renounced its provisions; that all the estate, both real and personal, which belonged to the testator at the time of his death, except the real estate mentioned as devised to the defendants and a certain lot devised to Anna S. Brownfield, had been sold by the administrator with the will annexed of the estate, and the proceeds thereof, except the value of the widow's dower, which she elected to take in money, had been used in payment of debts of the estate; that the widow had caused her dower to be assigned in the land devised to the defendants, and the fair cash market value of the real estate devised to Frank at the time of the death of the testator, exclusive of the value of the dower assigned to his mother, was $109,000, and the fair cash market value of the premises, devised to Bert at the time of the death of the testator, exclusive of the value of the dower assigned to his mother, was $102,000, and that their value at the present time is at least as much as at the time of their father's death. It is alleged that one-fourth interest in the lots in

Hoopeston, together with one-fourth interest in the personal property of the Illinois Canning Factory, at the time of the death of the testator was of the fair cash market value of $33,000. It was then averred that in certain proceedings in the circuit court of Vermilion county instituted by the administrator with the will annexed of the estate of James A. Cunningham, a decree was entered finding that all real and personal estate belonging to the estate of the testator, except that devised to the defendants and lot 54 in the city of Hoopeston devised to Anna S. Brown, had been sold and the proceeds used in payment of the debts of the estate, and that debts to the amount of $120,000 were still owing; that there were no assets of the estate or real or personal property which could be sold to pay the debts except the lands devised to the defendants and such an amount as Anna S. Brown should be required to contribute by reason of having sold lot 54 and having received and retained the proceeds thereof, and the decree so rendered apportioned the deficit of $120,000 as follows: 13/253ds to Anna B. Brown, 124/253ds to Frank H. Cunningham and 116/253ds to Bert M. Cunningham, and a lien was declared upon the real estate of Frank and Bert for their proportionate shares of the deficit. It was then averred that the entire devise and bequest to the complainant had been sold and the proceeds used in paying the debts of the testator; that the devises to the defendants had not borne their proportionate share of the debts of the estate and had not contributed ratably with the property devised to the complainant, and by reason thereof the complainant had a right of contribution against them; that the complainant's pro rata share of the money necessary to be raised by abatement of specific devises and bequests for payment of the debts of the estate was $6,000; that he had, in fact, contributed the total amount of the value of his devise and bequest to the payment of debts of

the estate, to wit, $33,000, and by reason thereof was entitled to contribution from the defendants for their proportion of the excess so borne by the complainant; that Frank's ratable share of such excess was $13,000 and Bert's ratable share was $12,000, and that said amounts should be made liens upon their interests in the lands devised to them, subject to the lien of the decree obtained by the administrator, and the bill prayed for a decree for contribution and for such other relief as equity might require. * * * In equity the interest of each partner in the partnership stock, including its lands, is the balance found due to him after the payment of all partnership debts and the adjustment of the partnership account between himself and the copartners. (*Trowbridge v. Cross,* 117 Ill. 109; *Galbraith v. Tracy,* 153 Ill. 54; *VanHousen v. Copeland,* 180 Ill. 74.) * * * The plaintiff's right to contribution does not depend upon the question whether by the will he was given personal property or a freehold estate in real property. His claim for contribution is based upon the fact that a specific devise or bequest was made to him; that he lost the benefit of it by reason of the fact that the whole of it was taken to pay the debts of the testator, while other devises or bequests of the same character and equally liable for the testator's debts were not taken and did not contribute ratably. The interest of the individual members of the partnership proved to be of no value, because the whole of its property, real and personal, was required to pay the debts. It is not claimed that the property was not rightfully sold and applied on the partnership debts. If the appellant has the right in equity to be reimbursed by the other devisees and legatees ratably for the value of the specific property of the partnership given to him by the will of the individual partner but applied to the payment of the partnership debts, that right is not affected by the character of the specific property as real estate or

personal property. The property has been sold and cannot be recovered, and the only question is whether its value can be recovered.''

In this State the doctrine is well settled that a partnership debt is joint and several and in case of death of one partner a creditor has a right to elect whether he will proceed against the assets in the hands of the surviving partner or against the estate of the deceased partner. *Ladd v. Griswold,* 9 Ill. ('4 Gil.) 25; *Mason v. Tiffany,* 45 Ill. 392; *Silverman v. Chase,* 90 Ill. 37; *Doggett v. Dill,* 108 Ill. 560; *Hayward v. Burke,* 151 Ill. 121; *Union Trust Co. v. Shoemaker,* 258 Ill. 564.

By the will of deceased a specific devise of an undivided one-fourth of the real estate in question and a specific bequest of a one-fourth interest in the personal property were given appellant. The will did not designate it as the interest which deceased had therein after the settlement of the partnership affairs, but the gift attempted to be made to appellant by the will was a gift of specific property.

Appellant lost the benefit of the specific devise and bequest to him by reason of the fact that the whole of it was taken to pay the debts of the testator, while other devises and bequests of the same character and equally liable for testator's debts were not taken and did not contribute ratably. Appellant therefore has the right in equity to be reimbursed by the other devisees and legatees, ratably, for the value of the specific property given to him by the will which was applied to the payment of the testator's debts.

The decree of the circuit court is therefore reversed and the cause remanded with directions to overrule the demurrer to appellant's bill of complaint.

*Reversed and remanded with directions.*