## THE INTERNATIONAL BANK

*v.*

### JOSEPH JONES *et al.*

*Filed at Ottawa January 25, 1887.*

1. BANKS AND BANKING—*right of set-off as against a deposit—in the case of an individual depositor, and a partnership debt, rights of the depositor, and his creditors.* A bank has the right of set-off, as against a deposit, only where the individual, who is both depositor and debtor, stands in both these characters alike, in precisely the same relation and on precisely the same footing toward the bank. Hence, an individual deposit can not be set off against a partnership debt.

2. Although a partner making an individual deposit with a bank is under a legal obligation to pay a debt to the bank owing by a firm of which he was a member, he may lawfully appropriate his deposit to a *bona fide* creditor by drawing a check in his favor, and thereby vest him with full power to sue for and collect the same of the bank.

3. Where a partnership firm has been dissolved while largely indebted to a bank for overdrafts upon its deposits, and the bank has notice of the dissolution, and of the fact that one of the partners continues the business in the old firm name, and such partner afterward makes a deposit, against which he issues his check, the holder of such check will be entitled to be paid out of such deposit; and in such case it is immaterial in what book or in what manner the entry of the deposit has been made, if the bank, at the time of such entry, knew such deposit was made by the partner so continuing the business for himself, though in the old firm name.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for the appellant:

Oakford was legally liable to pay to the bank the overdrafts
made by the old firm. If Oakford, after the dissolution of the
old firm, therefore, made deposits in the bank in the name
of the old firm, and such deposits were passed to the credit
of the old firm on the bank's account books, and on the old
firm's bank pass-book, which pass-book was returned to Oak-
ford, and if Oakford, when making such deposit, did not direct
the bank officers to open a new account or to apply such de-
posits in any particular way, then the bank had the right to
apply them in payment of the old firm's overdraft. Nor was
it incumbent on appellant to show that Oakford had actual
knowledge of such application of the deposits at the time they
were made, or that he consented to or directed such applica-
tion. Without any direction on the part of Oakford, the bank
had the right to make such application. Story on Partner-
ship, sec. 157; 1 Lindley on Partnership, (Ewell's ed.) 422-
426; Collyer on Partnership, (2d ed.) 376; 1 Story's Eq.
Jur. sec. 675; *Clayton's case*, 1 Mer. 572; *Hooper* v. *Keay*,
1 Q. B. 178.

The individual creditors of Oakford have no claim, at law,
to be paid out of the individual assets of Oakford over Mr.
Oakford's partnership creditors. Such an equity, when it
exists by reason of the insolvency of a debtor, can only be
worked out in equity, and through the interposition of the
debtor himself. 2 Story's Eq. Jur. sec. 675.

Mr. J. K. BOYESON, for the appellees:

The lien and right of set-off of a bank exists only where
the individual who is both depositor and debtor stands in ex-
actly the same relation and on the same footing toward the

bank. Morse on Banking, (2d ed.) 48; Grant on Banking, (3d ed.) 308; *Coates* v. *Preston*, 105 Ill. 470; *Dawson* v. *Real Estate Bank*, 5 Ark. 283; *Hilliard* v. *Walker*, 11 Ill. 644; *Watts* v. *Christie*, 11 Beav. 355.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

John D. Oakford and Frederick H. Thomas were partners, under the firm name of John D. Oakford & Co., in the business of commission merchants, in the city of Chicago. The partnership was dissolved on the last day of August, A. D. 1879. It had made deposits with the International Bank, and drawn drafts upon it in the course of its business, and at the time of the dissolution the firm was indebted to the bank, on overdrafts, some $11,000. After the dissolution of the partnership, John D. Oakford continued to do business under the old firm name of John D. Oakford & Co., and on the first day of September, A. D. 1879, he drew a check, in the name of John D. Oakford & Co., upon the International Bank, payable to Jos. Jones & Sons, for the sum of $1960.75, and delivered it to the payees, in payment for two hundred and fifty barrels of pork then bought by him of them. Payment of the check was refused by the International Bank, and this suit was brought by Joseph Jones, Benjamin Jones and Edward Jones, constituting the firm named, as payees in the check, against the International Bank, for the money which the check directed to be paid. It is clearly proved, that on the day the check was drawn, and before presentment of the check, John D. Oakford deposited with the International Bank, to the credit of John D. Oakford & Co., more than enough money to pay this check, and enough to pay all checks drawn by him on the bank on that day, and this is not contested. But the International Bank claimed the right to apply the deposit made by him on that day, in payment of the overdrafts of the old firm of John D. Oakford

& Co., (composed of Oakford and Thomas,) and having done which, there were no funds left to meet this draft.

Upon the trial, the plaintiffs gave evidence to the jury tending to prove that the cashier and president of the International Bank were notified of the dissolution of the firm of Oakford & Thomas, and that John D. Oakford would thereafter do business as a new firm, under the old firm name; that on the first day of September, A. D. 1879, they were expressly notified, before this check was drawn, that John D. Oakford, as the new firm, would draw checks upon the International Bank on that day, and that to meet those checks he would deposit the checks which he should receive in payment, on sales made by him on that day; that after this check was drawn, and before it was presented for payment, they were expressly notified by Oakford that it had been drawn, and that he had made a deposit with the bank to meet its payment, to all of which they assented. On behalf of the International Bank, evidence was given tending to contradict this evidence, and to show that the officers of the bank had no knowledge that the firm of Oakford & Thomas had been dissolved, and that the deposits on the first day of September, A. D. 1879, were made by John D. Oakford, alone, as John D. Oakford & Co., and also evidence tending to show that the officers of the bank had reason to believe that the transactions between Oakford and the bank, on the first day of September, A. D. 1879, were but a continuation of the business of the old firm of Oakford & Thomas.

The general rule is, that a bank has a right of set-off, as against a deposit, only when the individual who is both depositor and debtor, stands, in both these characters alike, in precisely the same relation, and on precisely the same footing, towards the bank, and hence an individual deposit can not be set off against a partnership debt. *Coates* v. *Preston,* 105 Ill. 470. See, also, Morse on Banking, (2d ed.) 48.

In our opinion, the objections urged by the defendant to the phraseology of the court, in the instruction given at the instance of the plaintiffs, and in the modification of the defendant's instructions, present an irrelevant question. If the jury believed the witnesses testifying on behalf of the plaintiffs, it was wholly immaterial in what book or in what manner the entries of deposits were made, because, in that event, they must have found that the bank knew that the transactions were, in fact, with John D. Oakford, alone, and that the deposits were by him, alone,—and it could not relieve itself of the effect of this knowledge by a subsequent entry, reciting something different, in a pass-book. If, on the other hand, the jury believed the witnesses on behalf of the bank, and that it had no notice of the change of the partnership, and that John D. Oakford made the deposits on the first of September on account of the new firm, the entries in the pass-book were unimportant,—they could add nothing.

It is enough to say, in respect to the alleged error in modifying defendant's instruction alleging the duty of John D. Oakford, since the dissolution of the firm, to pay the firm debts, by adding that it was "as much" his duty to pay them "after as before the dissolution," that the entire instruction related to an irrelevant matter, and that it should have been refused on that ground. Notwithstanding he owed the duty to pay the firm debts, still, inasmuch as the bank could not set off the firm debt against his deposit, he could lawfully appropriate his deposit to a *bona fide* creditor by drawing a check in his favor on the bank for the amount, and thereby vest him with full power and authority to sue for and collect the same.

We can not think that any inaccuracy in the language of the court in the instructions materially prejudiced the defendant.

The judgment is affirmed.

*Judgment affirmed.*