AMELIA C. HENRY, Admx.

*v.*

GEORGE W. CARUTHERS.

*Opinion filed April 16, 1902.*

1. PRACTICE—*provisions of section 90 of Practice act do not apply to chancery cases.* The provisions of section 90 of the Practice act, as to the Appellate Court's findings of fact being conclusive upon the Supreme Court, do not apply to chancery cases.

2. SAME—*enforcement of claim against estate of deceased partner is an equitable proceeding.* The enforcement of a co-partnership claim against the estate of a deceased partner in the probate court is a chancery proceeding, so far as the power of the Supreme Court to review the facts is concerned, since the probate court must exercise equitable powers in passing upon the claim.

3. PARTNERSHIP—*when a surrender of certificates of deposit does not release estate of deceased member of banking firm.* If the partnership articles of a banking firm provide that the death of any partner shall not dissolve the partnership, but the business shall be continued by surviving partners, who shall settle with the administrator of the deceased partner as soon as practicable, the surviving partners may take up certificates of deposit issued before the death of the deceased partner and issue new certificates, and the action of the depositor in receiving the new certificates with knowledge of the deceased partner's death does not amount to a novation, so as to release the estate of the deceased partner upon insolvency of the bank, in the absence of an express agreement.

4. SAME—*right of a creditor against estate of deceased partner.* Although a creditor of a firm knows of the death of one of the partners and continues to deal, as before, with the survivors, he does not lose his remedy against the estate of the deceased partner unless there is evidence showing an intention to abandon the right of having recourse thereto for payment, and the burden of showing such fact is upon the party who alleges it.

5. SAME—*fact that a creditor takes separate liability of surviving partners does not release estate.* There must be a deliberate assent upon the part of a creditor in order to release the estate of a deceased member of a firm from a partnership debt, and the fact that the creditor takes the separate liability of the surviving partners does not necessarily release the estate of the deceased partner.

6. SAME—*partners in a banking business may provide for continuing business by survivors.* Parties engaging in the business of banking may incorporate in their articles of agreement a provision author-

izing the survivors to carry on the business in the event of the death of a member of the firm, and courts will enforce the agreement until the representatives of the deceased partner take some steps to terminate the partnership.

*Henry* v.*Caruthers*, 95 Ill. App. 582, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ROBERT H. PATTON, and EDWARD D. HENRY, for plaintiff in error:

Where a creditor of a partnership, after dissolution thereof, knowing that one or several of the partners have agreed with the others to assume and pay the debts of the firm, takes the obligation of those who should pay, in payment of his debt, and thus extends the time of payment, he thereby discharges the other partner. *Home Bank* v. *Estate of Waterman*, 134 Ill. 461; *Wiley* v.*Temple*, 85 Ill. App. 71; *Conwell* v. *McCowan*, 81 Ill. 285; *Hayward* v. *Burke*, 151 id. 133.

Defendant in error, by extending the time and surrendering old certificates, put it out of his power to sue for that length of time, and must have taken upon himself the risk of the firm becoming insolvent in the meantime, as it did in this case.

Where a party has notice of facts sufficient to put a prudent person on inquiry, he is chargeable with notice of such facts as would have been ascertained from a prudent investigation. *Parker* v. *Merritt*, 105 Ill. 293; *Railroad Co.* v. *Kennedy*, 70 id. 362; 16 Am. & Eng. Ency. of Law, 790.

Where surviving partners continue the business, creditors and third parties must take notice of their authority to the same extent and in the same way as such third parties would be bound to do in case of a first transaction with any new firm. Bates on Partnership, sec. 610; 17 Am. & Eng. Ency. of Law, 1137.

Patton, Hamilton & Patton, for defendant in error:

Affirmance of a judgment by the Appellate Court implies a finding of facts the same way as the trial court found them, and this finding is, under paragraph 90 of the Practice act, conclusive on the Supreme Court. *Mann v. McKiernan*, 110 Ill. 102; *Northwestern Benevolent Ass. v. Hall*, 118 id. 169.

When the creditor of a firm takes the notes of the surviving partners for the amount of his claim, he does not release the estate of the deceased partner unless it is so agreed at the time, and the *onus* of showing that it is an extinguishment lies upon those who allege it.

To convert a partnership debt into a partner's separate debt the intention to do so must clearly appear. There must be a deliberate and mutual assent of creditor and debtor. *Hayward v. Burke*, 151 Ill. 121; *Thompson v. Briggs*, 28 N. H. 40; *Stover v. Hinkley*, Kirby, (Conn.) 147; *McLane v. Spencer*, 6 Ired. L. 423; *Titus v. Todd*, 25 N. J. Eq. 458; *Leach v. Church*, 15 Ohio St. 169; *Weirick v. Graves*, 73 Ill. App. 226; *Smith v. Rogers*, 17 Johns. 340; *Nightingale v. Chaffee*, 11 R. I. 609; *Collier v. Leach*, 29 Pa. St. 404; *Buxton v. Edwards*, 134 Mass. 567.

An attempt to obtain payment from the survivors is not sufficient evidence of an intent to abandon recourse to the estate of the retired partner, even though a judgment be obtained against the survivors. *Buckingham v. Ludlum*, 37 N. J. Eq. 137; *Jacomb v. Harwood*, 2 Ves. 265.

So of partial payments from the survivor. *Hammersly v. Lambert*, 2 Johns. Ch. 508; *Fogarty v. Cullen*, 49 N. Y. Sup. Ct. 397.

So proof in insolvency or bankruptcy against the continuing partner is not sufficient. *Sleech's case*, 1 Mer. 570; *Bilborough v. Holmes*, 5 L. R. Ch. Div. 255; *Harris v. Farwell*, 15 Beav. 31.

Knowledge of the arrangement between the retiring partner and the remaining partners, nor the partial payment of the debt, nor a demand for payment, nor all

combined, necessarily establish a consent upon the part of the creditor to accept the survivors in place of the deceased partner. *Walker* v. *Wood*, 170 Ill. 463.

Every partnership debt is joint and several, and in all such cases resort may be primarily had for the debt to the surviving partners, or to assets of the deceased partner. *Mason* v. *Tiffany*, 45 Ill. 392; *Silverman* v. *Chase*, 90 id. 37; *Doggett* v. *Dill*, 108 id. 560; *Mackay* v. *Pulford*, 36 Ill. App. 593; *Union Oil Co.* v. *Maxwell*, 33 id. 421; *Eads* v. *Mason*, 16 id. 545.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The defendant in error filed a claim against the plaintiff in error administratrix in the county court of Morgan county. The judgment in that court was adverse to the claimant. He brought the cause by appeal into the circuit court of Morgan county, and the venue of the cause was subsequently changed to the circuit court of Sangamon county, where, on a hearing, judgment was rendered in favor of the claimant, the defendant in error, in the sum of $14,983.33. The plaintiff in error prosecuted an appeal to the Appellate Court for the Third District, and a judgment of affirmance having been entered in that court, she caused the record to be brought in review in this court by this writ of error.

The intestate of the plaintiff in error, one Levi H. Henry, now deceased, during his lifetime was a member of a co-partnership composed of himself and seven other members engaged in the business of banking at Waverly, Illinois, under the firm name and style of "The Bank of Waverly." During the lifetime of said Henry the defendant in error deposited with said banking firm the sum of $12,000 of his individual moneys and the sum of $2900 which he held as conservator. The deposits were for definite periods of time, and bore interest at an agreed rate, and the defendant in error received certificates of deposit evidencing the transactions. Before the expira-

tion of the period for which the deposits were made the said Levi H. Henry departed this life. The surviving partners continued to conduct the business of banking under the same name and style, it being claimed the articles of co-partnership authorized them to pursue that course. The defendant in error, after the death of Mr. Henry, surrendered the certificates of deposit to said surviving partners and accepted other certificates therefor. The banking firm subsequently failed and proceedings by way of involuntary bankruptcy were instituted against the co-partnership. The defendant in error filed his claim in the bankruptcy court, and also in the probate court of the county of Morgan, against the plaintiff in error, who had been appointed administratrix of the estate of the said Levi H. Henry, deceased.

The defense sought to be interposed by the administratrix was, that a new obligation and a new debtor had been substituted for the old obligation with intent to relieve the deceased from all liability, and that all the requisites of a novation were established by the proofs.

The defendant in error urges that the affirmance by the Appellate Court of the judgment entered in the circuit court implies findings of fact in the same way as the trial court found them, and that such findings are, under paragraph 90 of the Practice act, conclusive on this court. This insistence cannot be maintained. The provisions of the Practice act have no application to causes in chancery. *Fanning* v. *Russell,* 94 Ill. 386; *City of Belleville* v. *Citizens' Horse Railway Co.* 152 id. 171.

At the common law a demand against a co-partnership was regarded as a joint debt, and after the death of one of the co-partners the right of action at law was against the surviving partner or partners. Equity, however, afforded a remedy against the estate of the deceased partner in the event of the insolvency of the surviving partner or partners. The common law rule was subsequently modified, and the rule established in equity that

all partnership debts should be deemed joint and several,
and that a right of action existed at law against the sur-
viving partners, and an election also to proceed in equity
against the estate of the deceased partner, whether the
survivors be insolvent or not.     *Mason* v. *Tiffany*, 45 Ill.
392; *Doggett* v. *Dill*, 108 id. 560.

The probate court of Morgan county, in which the case
originated, in the adjustment and allowance of claims
against the estate of deceased persons, is invested with
equitable jurisdiction.   As the claim of the defendant
in error against the personal representatives of the de-
ceased partner is enforceable only upon equitable princi-
ples and not by an action at law, the adjudication of the
claim in the probate court must be regarded as a pro-
ceeding in chancery, so far as the question of the power
of this court to investigate as to the facts is concerned.
*Doggett* v. *Dill*, *supra; Cheney* v. *Roodhouse*, 135 Ill. 257.

There seems, however, to be no controversy as to the
facts material to the rights of the litigants.   In brief the
facts are:   A co-partnership bank, doing business under
the firm name of "The Bank of Waverly," at Waverly,
Illinois, and composed of Levi H. Henry (intestate of
the plaintiff in error) and seven others, some time prior
to August 17, 1897, issued two certificates of deposit to
George W. Caruthers, defendant in error, one for $12,000
to him individually, and another to him as conservator,
for $2900, each falling due in a specified time, respec-
tively.   On August 17, 1897, Levi H. Henry died.   The de-
fendant in error was advised of his death.   The surviving
partners continued to conduct the business under the
same firm name of "The Bank of Waverly."   On or about
October 12, 1897, the defendant in error came to the bank
and said to the cashier that he had heard that the bank
would be closed up on account of the death of Mr. Henry.
The cashier, Mr. Hutchinson, who was also one of the
surviving partners, told the defendant in error "that that
could not happen, as the partnership contract provided

the business should continue," and that the bank would settle with the Henry estate in a short time. The defendant in error asked about the liability of the Henry estate, and was told that as for old contracts and moneys on deposit at the time of Mr. Henry's death the estate would doubtless be liable, but would not be bound for new contracts, new business and new indebtedness. A statement of the liabilities of the bank and the individuals thereof was then given to the defendant in error, which statement contained no reference to the estate of Henry or of one James Nevins, a partner who had withdrawn. Defendant in error said "he thought the bank was all right with Henry and Nevins out of it." Defendant in error surrendered his certificates, they being overdue, received the interest thereon and the certificates were canceled by the bank and new certificates for the respective amounts were issued to and accepted by him. The certificates recited the deposit by the defendant in error of the respective amounts in the Bank of Waverly, as did the certificates he surrendered. They were dated back to the time when the former certificates ceased to bear interest, bore interest from date, and were due, respectively, in three and six months from date. When the new certificates became due, in the early part of 1898, the interest thereon was paid and they were surrendered and other certificates of like character were issued and accepted by defendant in error. These latter certificates further extended the time of payment for fixed periods and provided for the payment of interest for such periods of time. On the 11th day of August, 1898,—a little less than a year after the death of Mr. Henry,—the surviving members of the firm made an assignment of the affairs and business of the bank for the benefit of creditors, in pursuance of the statute of the State, and were subsequently adjudged to be bankrupts, in a proceeding instituted in the courts of the United States under the Bankruptcy act of Congress. The defendant in error filed his claim in the court

of bankruptcy, and also the claim against the estate of the deceased partner here now under consideration.

The surrender by the defendant in error of the certificates issued to him while the deceased was a member of the banking firm and the acceptance by him of other certificates of deposit after the death of Mr. Henry from the surviving members of the firm, whereby the time of payment of the deposits was extended, it is insisted, were in fact payments of the original certificates held by the defendant in error; that thereby the old obligations were canceled and the obligations of the surviving members alone of the old firm accepted as the debtors. It is not contended there was any express agreement to accept the surviving members of the firm as sole debtors and release the estate of the deceased partner, but that such agreement or assent is to be implied from the acts and conduct of the defendant in error. We agree with the circuit and Appellate Courts that there was no such novation of the debt. The surviving partners, to whom the old certificates were surrendered and with whom the contracts were made for an extension of the time of payment of the deposits and for the payment of interest thereon, had the right, as surviving partners, to continue in the possession of the partnership effects, and, under the special agreement between them and their deceased co-partner, to continue to transact the business of banking, in which the firm was engaged at the time of the death of Mr. Henry. The articles of co-partnership provided that "the death of any partner shall not dissolve the partnership between the surviving partners, but the business shall be continued by the surviving partners and such others as may thereafter be admitted to said firm. The surviving partners shall settle with the administrator, executor or legatee of any deceased partner as soon after his death as practicable, and pay over to him, in money, the value of his interest in the business, as shown by the books of the firm, and no allowance shall be made nor

compensation paid to the representative of any deceased partner for the good will of the business or the continued use of the firm name by the surviving partners." Under this article of agreement it was entirely competent for the surviving partners to take up the certificates issued by the firm prior to the death of Mr. Henry and issue new certificates payable in the future, in accordance with the rules and customs pertaining to the business of banking. The certificates so issued were properly regarded, not as instruments extinguishing the indebtedness evidenced by the former certificates, but as evidencing a transaction entered into in the course of the continuation of the business of the firm after the death of Mr. Henry, in pursuance of the provisions of the articles of co-partnership.

In *Hayward* v. *Burke*, 151 Ill. 121, the authorities bearing upon the question whether the creditor of a firm has deprived himself of the right to look to the assets of a deceased member of the firm by the course of dealing pursued as to the demand with the surviving members of the firm, were reviewed and the conclusion declared that though a creditor of a firm knows of the death of one of the members thereof and continues to deal, as before, with the survivors, he does not lose the remedy which he had against the estate of the deceased partner unless there is evidence showing an intention to abandon the right of having recourse thereto for payment, and that the *onus* of showing an extinguishment of the debt of the firm and to convert a partnership debt into a debt of the surviving partners lies upon those who allege it; that there must be a deliberate assent upon the part of the creditor in order to release the deceased member, and that the fact that the creditor has taken the separate liability of the surviving member does not necessarily extinguish the liability of the estate of the deceased member of the firm. In the case at bar the surviving partners, after the death of Mr. Henry, acting under the authority resting in them by law, as enlarged by the pro-

visions of the articles of agreement, had, as we think, full power and authority to take up the certificates of deposit issued prior to the death of Mr. Henry, and, acting within the purposes of the agreement and the scope and usages of the banking business, to issue new certificates therefor. We see no reason why parties who desire to engage as co-partners in the business of banking may not incorporate in their articles of agreement a provision which will prevent the closing of the bank in the event of the death of a member of the firm, by authorizing the surviving partners to continue to conduct and carry on the business. Such a provision is intended to influence those having money to deposit in a bank to entrust it to the banking firm, which they might be loth to do unless assured that provision had been made to avoid closing up the doors of the bank in the event of the death of any member of the firm. No reason appears why the courts should refuse to enforce such an agreement, at least until the representatives of the deceased partner take some steps to bring the affairs and business of the partnership to a termination.

The certificates of deposit issued after the death of Mr. Henry were, in form, obligations of the firm of which he was a member, and, considered in connection with the agreement between the partners, constituted an obligation against his estate as well as the surviving partners. The acts and conduct of the defendant in error were not inconsistent with the view that he accepted the later certificates as binding the assets of the old firm and of the estate of each member thereof, whether living or dead, and as but a mere renewal of the obligations evidenced by the original certificates.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*