(No. 14505.—Reversed and remanded.)

LUKE STUART, Admr. Plaintiff in Error, *vs.* E. C. LOTT,
Defendant in Error.

*Opinion filed June 21, 1922—Rehearing denied October 5, 1922.*

1. DEBTOR AND CREDITOR—*debts to be set off must be mutual.*
Debts to be set off must be mutual and between the parties to
the record.

2. ADMINISTRATION—*what does not amount to filing a claim
against estate of deceased partner.*   Where a mother and son con-
stitute a partnership in the banking business, the fact that the son
had exclusive control of the bank and that the mother received
from its earnings only enough for her living expenses does not
justify the conclusion of law that the filing of a notice of set-off
in a suit on notes brought by the receivers of the partnership after
the son's death has the same effect as the filing of a claim by the
maker of the notes against the individual estate of the son.

WRIT OF ERROR to the Second Branch Appellate Court
for the First District;—heard in that court on writ of error
to the Circuit Court of Cook county; the Hon. DAVID M.
BROTHERS, Judge, presiding.

CUTTING, MOORE & SIDLEY, CHARLES R. NAPIER, ROB-ERT L. BRACKEN, (CHARLES S. CUTTING, and D. F. Mc-PHERSON, of counsel,) for plaintiff in error.

WILLARD M. McEWEN, and HARRY W. McEWEN, for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Bryant H. Barber died November 16, 1917, leaving him surviving his mother, Lucie H. Barber. At the time of his death he was manager and part owner of the banking house of Barber Bros. & Co., at Polo, Illinois. This bank had been founded by his father many years before and at the founder's death the bank was continued by the widow and two sons. One of the sons, Henry H., died in 1896, and Bryant became the owner of his interest in the bank by purchase from his estate. Early in 1906 Bryant purchased from defendant in error, E. C. Lott, 500 shares of the capital stock of the Standard Office Company. At the time of the purchase he paid notes made by Lott to the Continental National Bank amounting to $50,000, and the bank delivered the certificates of stock, which had theretofore been deposited with it as collateral to secure the payment of the notes. Lott now claims that Bryant agreed to pay for this stock $150 a share, and that there is·still due him $25,000, with interest. December 1, 1917, the county court of Ogle county granted letters of administration upon the estate of Bryant to William H. Hilger, who for the last three years of Bryant's life was his private secretary and confidential agent, and Luke Stuart, plaintiff in error. At the same time the court appointed Edward H. Clopper and Harry E. Spear receivers of the property and effects of the co-partnership. The administrators and receivers qualified in due course. It does not appear why the partnership was not administered by the surviving partner or why receivers were appointed.

Among the papers of the banking house of Barber Bros.
& Co. were found two notes, each payable to Bryant H.
Barber and each signed by E. C. Lott. The first note,
dated July 16, 1908, was for $5000, and the second note,
dated two days later, was for $2500. Both notes were pay-
able four months after date, with interest at six per cent,
and both were indorsed in blank by Bryant. The receivers
took possession of these notes as the property of the part-
nership of Barber Bros. & Co. and filed suit thereon in the
circuit court of Cook county June 14, 1918. The declara-
tion alleged that Bryant had delivered the notes to Bryant
H. Barber and Lucie H. Barber, co-partners doing business
as Barber Bros. & Co., and that they were at the time of
Bryant's death the property of the partnership. August 20,
1918, Lott pleaded non-assumpsit and want of considera-
tion and gave notice of a special defense. In this notice
he stated "that defendant upon the trial will give in evi-
dence that the co-partnership of Barber Bros. & Co. at the
time of the commencement of this suit was, and still is, in-
debted to the defendant in the sum of $25,000 for money
by him lent to said Barber Bros. & Co. at their request;
also $25,000 for money before then had and received by
said Barber Bros. & Co. for the use of the defendant; also
the sum of $25,000 for money found to be due from Bar-
ber Bros. & Co. to the defendant upon an account before
then stated between them. The plaintiffs will take notice
that upon said trial so much of the said several sums of
money so due and owing from said Barber Bros. & Co. to
the defendant will be set off against any demand of the
plaintiffs to be proved in said trial as will be sufficient to
satisfy such demand, and that the defendant will also then
and there demand a judgment against the plaintiffs for the
balance of said several sums of money and which shall be
found to be so due toward the defendant." October 26,
1918, Hilger resigned as administrator.

In July, 1919, the county court of Ogle county discharged the receivers on their final report, and with the written consent of Lucie H. Barber, the surviving partner, the county court directed the Lott notes to be delivered to Luke Stuart, administrator of the estate of Bryant H. Barber, deceased, and ordered said administrator "to collect said notes, if possible, for the use and benefit of said co-partnership creditors." August 20, 1919, Lott filed his written claim against the estate of Bryant H. Barber in the county court of Ogle county in the sum of $25,000, together with interest thereon at the rate of five per cent per annum from November 1, 1905. November 22, 1919, Stuart, as administrator, was by leave of court and without objection on the part of Lott made a co-plaintiff in the suit filed by the receivers, by proper amendment to the declaration. On the same day, by leave of court and without objection on the part of Lott, the suit was dismissed as to the receivers. December 3, 1919, Lott pleaded non-assumpsit and want of consideration to the declaration as amended and filed a plea of set-off, in which he stated "the personal representative of said decedent was at the time of the commencement of this suit and at the time of the filing of the last amendment herein, and still is, indebted to the defendant in the sum of $50,000, balance of purchase money due and owing from said decedent in his lifetime to defendant for 500 shares of the capital stock of the owner of the Railway Exchange building in the city of Chicago, said county and State, which was theretofore sold and delivered by the defendant to said decedent for $150 per share, for the total amount of $75,000, of which $50,000 was paid, leaving a balance of $25,000 due from said Barber to defendant, with interest thereon at the rate of five per cent per annum from the date of sale, to-wit, November 1, 1906." At the same time he filed a notice of set-off, in which he stated that he would show upon the trial that

Bryant H. Barber was indebted to him in the sum of $50,000 for money lent, for money had and received, and for an account stated.

On December 17, 1919, Stuart filed two replications to the plea of set-off, the first of which alleged that the same claim had been filed in the county court of Ogle county and was then pending and undetermined in that court, and the second of which set up the five-year Statute of Limitations as a bar. Demurrers were sustained to both these replications. December 23 two replications were filed to the plea of set-off, the first alleging that the estate was not indebted to Lott, and the second setting up as a bar to the claim the statute which requires that claims shall be filed against the estates of deceased persons within one year from the granting of letters of administration. The record then recites: "Thereupon this cause coming on to be heard upon the defendant's demurrers *ore tenus* to the plaintiff's replication filed in said cause, after arguments of counsel and due deliberation by the court it is ordered that said demurrers be and the same are hereby sustained, to which ruling of the court plaintiff here and now duly excepts, whereupon the plaintiff elects to stand by his said replication." Whether the demurrer was to both replications or whether it was to one of the replications, and if to one only, then which one, we are unable to determine. The cause was submitted to the court without a jury, and after hearing the evidence and arguments of counsel the court entered its judgment finding that the Lott notes were accommodation paper and that there was no liability thereon, and finding that Bryant H. Barber was in full control of the banking business of Barber Bros. & Co., and that in effect the filing of Lott's claim as a set-off against the claim of the partnership was the filing of a claim against the estate of Bryant H. Barber, and entered judgment in favor of Lott against the estate for $25,000. The Appellate Court modified the judgment by adding thereto interest at five per cent per annum from December 1,

1915, amounting to $7395.83, and affirmed the judgment as modified.

This litigation illustrates how a simple matter may be made difficult and complicated by failure to follow the plain requirements of the statute. There is no explanation of why Lott's claim was not filed against the estate of Bryant H. Barber in the regular course of administration. It is clear that the suit started by the receivers to collect the Lott notes was a suit by the partnership against Lott. It is contended by Lott that Bryant H. Barber and Barber Bros. & Co. were one and the same person and that no partnership in fact existed. He also contends that whether such a partnership existed was a question of fact, which has been determined in his favor by the circuit and Appellate Courts, and that this court is without authority to review the question. If the pleadings presented such an issue this contention would be sound, but there is no such issue of fact presented by the pleadings and the evidence on the question is undisputed. The declaration and the notice of set-off both recognize the existence of the partnership as separate and distinct from the individual, Bryant H. Barber, and all the evidence on the question shows that a partnership in fact existed, and that Bryant H. Barber and Lucie H. Barber were the members of that partnership. It is true, as found by the circuit and Appellate Courts, that Bryant H. Barber had exclusive control and management of the bank and that his mother received from the earnings of the partnership only enough to take care of her living expenses, but that does not justify the conclusion of law that the filing of a claim against the partnership amounts to the same as the filing of a claim against the individual estate of Bryant H. Barber. Nothing is better settled than that debts to be set off must be mutual and between the parties to the record. (*Gregg* v. *James,* Breese, 143; *International Bank* v. *Jones,* 119 Ill. 407; 20 R. C. L. 942.) The filing of the notice of a special defense August 20, 1918, in the suit between the part-

nership and Lott was not the filing of notice of a claim against the individual estate of Bryant H. Barber.

Lott contends that the suit as originally started was, in effect, a suit between the individual estate of Bryant H. Barber and him, and that, though it was informally stated in the pleadings, the amended pleadings stated the true situation, and that the amended pleadings should be considered as filed as of the date of the filing of the original pleadings. He also contends that the amended plea of set-off filed December 3, 1919, covered the same claim that was named in the notice of set-off filed August 20, 1918. This last contention is the only one that need be considered here, and it cannot be sustained. There is neither identity of parties nor of subject matter. The claim described in the notice of set-off of August, 1918, was a claim against the partnership for $25,000 for money had and received, for money lent and for money due upon an account stated. The claim described in the plea of December, 1919, was a claim against the individual estate of Bryant H. Barber for $50,000 for the balance of the purchase price of certain shares of stock sold and delivered by Lott to Barber. All the evidence offered by Lott to sustain his claim was offered under the plea of December, 1919. This evidence shows, without contradiction, that the indebtedness, if any, is the private indebtedness of Bryant H. Barber and that it was not an indebtedness of the partnership.

As we have said, the pleadings are in such confusion that it is not possible to tell exactly what issue was presented to the circuit court for decision. Both parties have assumed in their briefs that the trial was upon the declaration, a proper plea of set-off and a proper replication to the plea of set-off, presenting the defense that the claim was not exhibited against the estate within one year. We are deciding this case on the issues presented by the briefs of counsel for both parties. We conclude that the claim for which judgment was entered was not filed against the es-

tate of Bryant H. Barber within one year after letters of administration were issued, and that the circuit court erred in ordering the claim to be paid by plaintiff in error in due course of administration of the estate of Bryant H. Barber, and that the Appellate Court erred in affirming this judgment.

The judgments of the circuit court and Appellate Court are reversed and the cause is remanded.

*Reversed and remanded.*