STERNBERG DREDGING COMPANY, Appellant, *vs.* ESTATE OF WILLIAM F. STERNBERG, Appellee.

*Opinion filed January 24, 1957.*

ORIS BARTH, of Urbana, and LAWRENCE R. HATCH, of Champaign, (THOMAS S. McPHEETERS, JR., of St. Louis, Missouri, of counsel,) for appellant.

CLAUDE M. SWANSON, of Paxton, and M. H. SCOTT, of Piper City, for appellee.

Mr. Justice Davis delivered the opinion of the court:

On July 5, 1950, the claimant, a Delaware corporation, filed its claim totaling $16,715.61, against the estate of William F. Sternberg. The claim was based upon two promissory notes, dated January 27, 1943, due two years after date, with interest at 6 per cent per annum, signed "C. H. Sternberg Heirs by W. F. Sternberg, Agent." Numerous defenses were interposed to the claim in the course of this litigious proceeding. The county court allowed the claim in full. On appeal, the circuit court of Ford County held that the claimant could not maintain the suit because its authority to do business in this State had been revoked for failure to pay franchise taxes and file annual reports, and entered judgment against it. Claimant then appealed to the Appellate Court, which reversed the judgment, remanded the cause to the circuit court, (*Sternberg Dredging Co.* v. *Estate of Sternberg,* 351 Ill. App. 514,) and held that the action should have been continued or abated until such time as the corporation should again qualify to transact business in Illinois, if it saw fit to do so. Thereupon the claimant paid the taxes and filed the reports, and the cause was reinstated. On May 9, 1955, the circuit court allowed the claim in full in the amount of $20,040.05, as a claim of the seventh class to be paid in due course of administration, and remanded the cause to the county court with judgment certified for payment. It held that William F. Sternberg had authority to execute the notes on behalf of the C. H. Sternberg heirs; that he was one of such heirs and liable, as principal, on said notes, which were legal obligations of his estate; that the relationship between the C. H. Sternberg heirs was not that of partners; and that the obligation was joint and several and could be enforced by action against any one of them, and therefore against the estate of William F. Sternberg.

On appeal by the estate to the Appellate Court, the judgment was reversed and the cause remanded. (*In re*

*Estate of Sternberg,* 10 Ill. App.2d 258.) The Appellate Court held that there was a legal obligation and debt owing to the claimant; that the C. H. Sternberg heirs were partners and the notes were given in the course of partnership business; and that the obligations, being those of a partnership, should be jointly paid, and could not be enforced solely against the estate of William F. Sternberg. On claimant's motion and affidavit, pursuant to the provisions of section 75 (2)(c) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 75(2)(c),) the remanding order of the judgment was stricken, and we allowed claimant's petition for leave to appeal.

The defendant does not challenge that part of the Appellate Court opinion which holds that the notes constitute a legal obligation owing to claimant. The questions argued are: (1) Was there a partnership between the C. H. Sternberg heirs, including William F. Sternberg? (2) If so, does that preclude the allowance of the claim in the William F. Sternberg estate? Since we conclude that the existence of a partnership between the Sternberg heirs would not preclude the allowance of this claim, we need not determine whether such relationship existed. Therefore we will consider only the latter question and will not restate the facts, since the opinion of the Appellate Court contains a statement of facts which claimant does not contest and which we deem adequate.

Section 15 of the Uniform Partnership Act provides: "All partners are liable (a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14. (b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract." (Ill. Rev. Stat. 1953, chap. 106½, par. 15.) Sections 13 and 14 pertain to the liability of the partners for wrongful acts or omissions of one of their number and the misapplication of property of third persons, and they have no application

here. Prior to the passage of the act, this court had consistently held that in an action at law the contractual liability of living partners was joint, and not joint and several; that an action at law to enforce a partnership obligation must be brought against the partners jointly, if living; and that section 3 of the Joint Rights and Obligations Act did not apply to partnerships but only to contracts, obligations and covenants made jointly by persons in their individual capacities. (*Fleming* v. *Ross,* 225 Ill. 149; *Sandusky* v. *Sidwell,* 173 Ill. 493.) We had also held that a joint action at law could not be maintained against surviving joint obligors and the personal representative of a deceased joint obligor. (*Moore* v. *Rogers,* 19 Ill. 347; *Powell* v. *Kettelle,* 1 Gilm. 491; *Ballance* v. *Samuel,* 3 Scam. 380.) These cases pointed out that under the common law when one joint obligor dies all right of action as against his estate is gone; and that in such cases a judgment could not be joint because the survivors were liable personally, the judgment against them being *de bonis propriis;* while the personal representative was liable only in that capacity to the extent of the assets in his hands, the judgment against him being *de bonis testatoris.*

However, it appears that from earliest times the rule in equity was that partnership debts were joint and several. Thus in *Doggett* v. *Dill,* 108 Ill. 560, at p. 565, this court quotes with approval section 362 of Story on Partnership: "The doctrine formerly held upon this subject seems to have been, that the joint creditors had no claim whatsoever in equity against the estate of the deceased partner, except when the surviving partners were at the time, or subsequently became, insolvent or bankrupt. But that doctrine has been since overturned, and it is now held, that in equity all partnership debts are to be deemed joint and several, and consequently the joint creditors have, in all cases, the right to proceed at law against the survivors, and an election also to proceed in equity against the estate of the

deceased partner, whether the survivors be insolvent or bankrupt, or not." And in *Tandrup* v. *Sampsell,* 234 Ill. 526, 532, this court said: "In case one joint obligor dies, the joint obligation survives against the remaining obligors. The several obligation only survives against the personal representative. In other words, the death of a joint obligor dissolves the joint liability at law which continues against the survivors, (1 Chitty's Pl. 50,) but the estate of the deceased obligor is liable upon the several liability."

The rule announced in *Doggett* v. *Dill,* 108 Ill. 560, has not been overruled, (*Henry* v. *Caruthers,* 196 Ill. 136; *Union Trust Co.* v. *Shoemaker,* 258 Ill. 564,) and appears to be in accord with the weight of authority elsewhere. (Anno. 61 A.L.R. 1410 *et seq.;* 68 C.J.S., Partnership, sec. 284b.) The case of *Henry* v. *Caruthers,* 196 Ill. 136, further held that the findings of fact by the Appellate Court, under the provisions of paragraph 90 of the Practice Act which was similar to section 92(3)(b) of our present Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 92(3)(b),) were not conclusive on this court, and at page 141 stated: "As the claim of the defendant in error against the personal representatives of the deceased partner is enforceable only upon equitable principles and not by an action at law, the adjudication of the claim in the probate court must be regarded as a proceeding in chancery, so far as the question of the power of this court to investigate as to the facts is concerned. *Doggett* v. *Dill, supra; Cheney* v. *Roodhouse,* 135 Ill. 257."

The result obtained in *Doggett* v. *Dill,* is sound in principle. The application of the equitable rule holding the estate of a deceased partner primarily liable in equity does not enlarge the liability of the deceased partner. During the lifetime of the partners, each is individually liable for the partnership debt, and it is necessary to bring a joint action at law against them. However, once a judgment has been

obtained, any individual property of such partner may be taken and sold to satisfy the debt, and it is not necessary to exhaust the partnership assets before individual property can be taken. The death of a partner should not diminish his liability, extinguish his debt, or discharge his estate. The liability should continue, but death would necessitate a change of the remedy to enforce it. The action after the death of the partner would not lie in a court of law, but rather in a probate court, where the court may exercise equitable powers in the adjustment of claims.

The cases heretofore cited in this opinion were all decided prior to the passage of the Uniform Partnership Act. The Appellate Court held that the Uniform Partnership Act changed the prior law, and based its conclusion on section 15 of the act, which provides that the contractual liability of partners is joint, and not joint and several. This section makes no provision pertaining to the consequences of the death of a partner upon their joint liability, or the remedies for the enforcement of their contractual liability. At law the contractual liability of partners was held to be joint, even prior to the passage of the act. As a consequence, living partners had to be sued jointly and a separate action at law against one of them could not be maintained. Nevertheless, on equitable principles, a separate action could be brought against a deceased partner's estate whether or not any action had been taken against the survivors. We find nothing in section 15 which indicates an intention on the part of the legislature to change the legal consequences flowing from the partnership relation as heretofore established and recognized by this court. Under that section, their contractual liability being joint, the living partners must still be jointly sued. However, an action at law will not lie against the surviving partners and the personal representative of a deceased partner. This poses the question of whether a creditor in such case should be denied access to the assets of the estate of the deceased partner. Such negation would

be contrary to the settled law of this State existing prior to the Uniform Partnership Act, and the act should not be construed to effect such a change unless its terms clearly require it. The provisions of section 15, standing alone, are consistent with the law of this State as it existed prior to the adoption of the act. 4 James, Illinois Probate Law and Practice, sec. 192.6; Kahn, Claims against Deceased Partners, vol. 40, issue 3, page 108, Ill. Bar. Journal.

This view is strengthened by the provisions of section 36(4) of the Uniform Partnership Act which states: "The individual property of a deceased partner shall be liable for all obligations of the partnership incurred while he was a partner but subject to the prior payment of his separate debts." (Ill. Rev. Stat. 1955, chap. 106½, par. 36(4).) This section contemplates the filing of a claim by a creditor against the deceased partner's estate. In ascertaining the legislative intent of a statute, this court is bound to give meaning and effect to all of its provisions, and they must be construed together. *United States* v. *Vivian,* 224 Fed.2d 53, *certiorari* denied 350 U.S. 953; *People ex rel. Castle* v. *Taylor,* 7 Ill.2d. 501.

Section 27 of the Civil Practice Act, approved in 1955 subsequent to this litigation, provides: "All parties to a joint obligation, including a partnership obligation, may be sued jointly, or separate actions may be brought against one or more of them. A judgment against fewer than all the parties to a joint or partnership obligation does not bar an action against those not included in the judgment or not sued. Nothing herein permits more than one satisfaction." (Ill. Rev. Stat, 1955, chap. 110, par. 27.) It cannot be considered as determinative of the rights of the parties in this case, however it does reflect the policy of the State with reference to the remedies to be pursued to enforce such joint obligation. (See *McNely* v. *Board of Education,* 9 Ill.2d 143 at 151.) This policy is consistent with existing law and the provisions of the Uniform Partnership Act.

It is our opinion that the claimant had the right to file its claim against the estate of William F. Sternberg, deceased, and that its allowance by the court as a claim of the seventh class to be paid in due course of administration was proper, assuming the assets of the estate are adequate to pay both individual and partnership creditors. If the assets of the estate are not adequate for this purpose, then the principle of marshalling of assets, as outlined in *Doggett* v. *Dill,* 108 Ill. 560, at 568, and in section 36(4) of the Uniform Partnership Act is applicable.

The judgment of the Appellate Court is reversed and the cause is remanded to the circuit court of Ford county, with directions to enter judgment in favor of the claimant and against the defendant for the full amount now due and owing on said notes as a claim of the seventh class, subject to the marshalling of assets, if required, and to transmit its certified judgment to the county court of Ford County to the end that said judgment be paid as a claim of the seventh class in due course of administration.

*Reversed and remanded, with directions.*