FIRST NATIONAL BANK OF DEERFIELD, Plaintiff-Appellant, v. CORT I. LEWIS, Defendant-Appellee.

First District (5th Division)   No. 1—87—3764

Opinion filed June 30, 1989.

Mathewson, Hamblet & Casey and Jenner & Block, both of Chicago (Michael J. Hamblet, Bruce T. Hopple, Laura H. Morill, Arthur M. Martin, Donald R. Cassling, and Jay S. Geller, of counsel), for appellant.

John Thomas Moran, of Law Offices of John Thomas Moran, and Hal Kessler, of Kessler & Ex, both of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, First National Bank of Deerfield, appeals from the entry of summary judgment on count I of its declaratory judgment complaint in favor of defendant, Cort I. Lewis. We affirm.

Count I of plaintiff's complaint alleged the following facts. Defendant and his father, Gerson E. Lewis (Gerson), formed a partnership under the name Gerson E. Lewis & Son (partnership) for the purpose of making investments.

Plaintiff alleged that beginning in January of 1980 until July of 1982, it "made a series of loans *** to Gerson which were used for the partnership's investments." Because the loans were not repaid, plaintiff instituted an action against him for the unpaid balance of the loans. Plaintiff obtained a judgment against Gerson for $196,430.33 plus attorney fees, which was also not paid.

Plaintiff also alleged that the partnership held a checking account with plaintiff, and in August of 1982, it was overdrawn in the amount of $8,180.98.

Defendant, in his own name, had a money market account and a certificate of deposit with plaintiff. On July 20, 1985, plaintiff transferred funds from defendant's money market account into the partnership checking account to cover the overdraft. On July 23, 1985, plaintiff notified defendant that it would also set off the remaining balance of his money market account and his certificate of deposit for the judgment that plaintiff obtained against Gerson.

Plaintiff also alleged "on information and belief" that Gerson attempted to make himself "judgment proof" by transferring funds and other property from the partnership to defendant in his name but "secretly held" for the partnership.

Plaintiff asked the court to declare that Gerson E. Lewis & Son was a partnership at the time in question; that the overdraft and the judgment against Gerson were partnership debts for which defendant was responsible; that defendant's money market account and certificate of deposit were subject to plaintiff's right of setoff; and that the setoff was proper.

Defendant answered the complaint and denied that he entered

into a partnership with Gerson, denied knowledge of the loans made to Gerson, denied knowledge of the overdraft but admitted that plaintiff transferred $8,180.98 from his money market account in July of 1985. Defendant also denied that the judgment against Gerson was a partnership debt.

Defendant moved for summary judgment arguing that plaintiff did not have factual support for the allegations in its complaint, relying on the deposition testimony of Alan Meyer, who was president of plaintiff at the time in question. Defendant also argued that even if there was factual support for the allegations, as a matter of law, plaintiff could not set off a partnership debt against the individual account of a partner, relying on *International Bank v. Jones* (1887), 119 Ill. 407, 9 N.E. 885.

In response to the motion, plaintiff argued that although Mayer "lacked personal knowledge of some of the ultimate facts stated in the [c]omplaint, *** [o]ther bank officers and employees will testify as to their personal knowledge" and documents would be introduced at trial to prove the allegations. Plaintiff, however, did not attach any affidavits, deposition testimony, or other evidence to support its argument that it could prove the allegations of the complaint. Plaintiff also argued that *International Bank* was no longer "good law" and was inapplicable to the present case.

The trial court agreed with defendant and granted his motion for summary judgment on count I of the complaint, excluding paragraphs 14 and 15, which related to a different promissory note and are not relevant on appeal. Plaintiff appealed from that order but the appeal was dismissed for lack of jurisdiction in *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552. On December 10, 1987, the trial court entered an order finding that there was no just reason to delay enforcement or appeal of the previous order and thereafter, plaintiff filed a timely notice of appeal.

Opinion

■■ A motion for summary judgment almost necessarily assumes that plaintiff's complaint states a cause of action and its purpose is to determine whether a genuine issue of material fact exists. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) A motion to dismiss, on the other hand, challenges the legal sufficiency of a party's pleading, such as whether a complaint states a cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) The Illinois Supreme Court has expressly disapproved of the use of "hybrid" motions which combine aspects of both a motion to dismiss

and a motion for summary judgment. See *Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 537 N.E.2d 738; *Janes*, 57 Ill. 2d 398, 312 N.E.2d 605.

In the present case, defendant's motion, although titled as one for summary judgment, was actually a hybrid motion which included an argument that should have been brought as a motion to dismiss. Defendant argued that the allegations of plaintiff's complaint did not give it a remedy under *International Bank*. This argument should have been raised as a motion to dismiss because it tests the legal sufficiency of the pleading and necessarily accepts the allegations of plaintiff's complaint as true. Although the trial court entered summary judgment on the ground that *International Bank* barred plaintiff's claim, the court should have dismissed plaintiff's complaint with prejudice for failure to state a cause of action. Accordingly, we will review defendant's motion as one to dismiss plaintiff's complaint. See *Kellerman v. Mar-Rue Realty & Builders, Inc.* (1985), 132 Ill. App. 3d 300, 476 N.E.2d 1259.

■■ ■ A declaratory judgment complaint must set forth sufficient facts to state a cause of action and it should be dismissed if plaintiff is not entitled to relief under the facts as alleged. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) In considering whether the complaint should have been dismissed, we must accept the allegations as true and determine whether it states a cause of action upon which relief can be granted. *Denkewalter*, 82 Ill. App. 3d 569, 402 N.E.2d 885.

Plaintiff alleged facts to support that defendant and Gerson formed a partnership. The partnership held a checking account with plaintiff which was overdrawn. Plaintiff loaned money to Gerson which was used to fund the partnership. When the loans were not repaid, plaintiff obtained a judgment against Gerson. Plaintiff set off defendant's money market account and certificate of deposit to satisfy the judgment and the overdraft.

■■ The general rule in Illinois is that a bank may apply its depositor's account for a debt he owes to the bank. (*Kerner v. Kinsey* (1943), 384 Ill. 180, 51 N.E.2d 126; *International Bank*, 119 Ill. 407, 9 N.E. 885; *First National Bank v. Estate of Philp* (1982), 106 Ill. App. 3d 360, 436 N.E.2d 15.) The application of the deposit, which is called a setoff, is only proper when the debts are mutual between the parties. (*International Bank*, 119 Ill. 407, 9 N.E. 885; *Coates v. Preston* (1882), 105 Ill. 470; *Stuart v. Lott* (1922), 304 Ill. 170, 136 N.E. 454.) As the supreme court stated:

"[A] bank has a right to set-off, as against a deposit, only

when the individual who is both depositor and debtor, stands, in both these characters alike, in precisely the same relation, and on precisely the same footing, towards the bank, and hence an individual deposit cannot be set off against a partnership debt." *International Bank*, 119 Ill. at 410, 9 N.E. at 886.

Despite the above-quoted language from the supreme court, plaintiff contends *International Bank* is not applicable to the present case because at the time that case was decided, partnership obligations were joint. Plaintiff argues that partnership debts are joint and several in equity (see *Sternberg Dredging Co. v. Estate of Sternberg* (1957), 10 Ill. 2d 328, 140 N.E.2d 125) and that under section 2—410 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—410) all partnership obligations are deemed joint and several.

Relying on the appellate court case of *Merchants National Bank v. Maple* (1896), 65 Ill. App. 484, which held that a bank may set off a joint and several debt against the deposit of one of the joint and several obligors, plaintiff contends it had the right to set off defendant's deposit for the partnership debt because it was a joint and several obligation. In *Merchants National Bank*, the bank set off an individual deposit for the amount due on a promissory note signed by the individual and a third person. The court noted that the setoff was proper because the bank could have brought an action against either of the joint and several obligors and recovered the amount due on the note.

The decision in *Merchants National Bank* based the bank's right of setoff on the liability of the parties to the note. In *International Bank* and *Coates*, however, the supreme court focused its decision on the relationship between the bank and its depositor. In both cases the supreme court stated the requirement of mutuality must be present before a bank can exercise its right of setoff.

■ In *Coates* the court considered whether a bank's right of setoff would be different if partnership obligations were joint and several. Referring to a statute that stated "[a]ll joint obligations *** shall be taken and held to be joint and several obligations" (Ill. Rev. Stat. 1874, ch. 76, par. 3), the court noted that although the statute was not applicable to partnerships, if it were applicable and as a result, partnership obligations were joint and several, a bank still could not set off an individual partner's deposit against a partnership debt because the requirement of mutuality would not be present. Accordingly, even if a partnership debt imposed joint and several liability, the requirement of mutuality would not be satisfied. See also *Faber, Coe & Gregg, Inc. v. First National Bank* (1969), 107 Ill. App. 2d

204, 246 N.E.2d 96 (a bank's right of setoff is not "co-extensive" with its right to recover).

■■ We are bound to follow the supreme court's decisions in *International Bank* and *Coates*. Under that authority we find that a bank is not entitled to exercise its right of setoff against an individual partner's deposit for a partnership debt. Therefore, plaintiff's complaint fails to state a cause of action upon which relief can be granted.

Affirmed.

MURRAY, P.J., and COCCIA, J., concur.